Bess WILLIAMSON, Appellant,

v.

JOHN DEERE CO. & Austin Products,
Inc., Appellees.

No. 12–84–0097–CV.

Court of Appeals of Texas,
Tyler.

March 31, 1986.

Joe A. Byron, Blassingame & Osburn,
Scott Stolley, Thompson, Coe, Cousins &
Irons, Dallas, for appellant.

Fred S. Stradley, Stradley, Schmidt, Ste-
phens & Wright, Richard A. Sayles, Car-
rington, Coleman, Sloman & Blumenthal,
Dallas, for appellees.

SUMMERS, Chief Justice.

This is an appeal from orders of the trial
court granting two partial summary judg-
ments and a motion for abatement and
dismissal. We will refer to appellant, Bess
Williamson, as Williamson and to appellees,
John Deere Co. and Austin Products, Inc.,
as Deere and Austin.

Horace "Bill" Williamson was crushed
under a mower and died on June 4, 1979.
The mower had been manufactured by
Austin and was attached to a Deere tractor
at the time of the fatal incident. Bill's
widow, Williamson, filed suit against Aus-
tin and Deere in the United States District
Court, Eastern District of Texas, on June 3,
1981. Her complaint alleged liability and
damages under TEX.REV.CIV.STAT.ANN.
arts. 4671–78 (Vernon Supp.1975) (wrong-
ful death) and TEX.REV.CIV.STAT.ANN.
art. 5525 (Vernon 1958) (survival of cause
of action).[1] Acting on a motion by Deere,
the U.S. District Court dismissed the action

---

1. The statutes cited herein, specifically arts.
4671–78, 5525, 5526, 5538, and 5539(a), have
since been repealed by Acts 1985, ch. 959,
§ 9(1), 1985 Tex.Sess.Laws 7218.

for lack of subject matter jurisdiction on August 5, 1981.

Eight days later, on August 13, 1981, Williamson filed essentially the same pleading in the 14th District Court of Dallas County. Austin and Deere moved for partial summary judgment, asserting that causes of action based on strict liability and common law negligence were barred by TEX.REV.CIV.STAT.ANN. art. 5526 (Vernon 1958) (two-year statute of limitations). Williamson responded alleging that the limitation period had been tolled by operation of TEX.REV.CIV.STAT.ANN. art. 5539(a) (Vernon 1958). On May 4, 1982, the court granted a partial summary judgment in favor of Austin and Deere as to the wrongful death action, but ruled that the cause of action under the survival statute, art. 5525, was not barred, as the operation of TEX.REV.CIV.STAT.ANN. art. 5538 (Vernon 1958) had tolled the running of the limitations period.

Williamson filed her second amended original petition in the district court on June 14, 1983. Austin and Deere filed a plea in abatement and, in the alternative, a motion to dismiss on the grounds that the district court lacked jurisdiction. Austin and Deere contended that the statutory probate court would be a proper forum. On February 23, 1984, the district court ordered all causes of action against Austin and Deere dismissed. From this judgment, Williamson appeals. We reverse and remand.

Williamson brings three points of error. Points one and two allege that the trial court erred in granting the motions for partial summary judgment and in denying a motion for reconsideration of those rulings. Point three alleges that the trial court erred in granting the plea in abatement and motion to dismiss.

■ Under Tex.R.Civ.P. 166–A(c), the trial court may only grant summary judgment if no genuine issue exists as to any material fact and the moving party has proven that he or she is entitled to judgment as a matter of law. *Town North Nat'l Bank v. Broaddus*, 569 S.W.2d 489, 494 (Tex.1978). The court must accept as true all pleadings and evidence of the party opposing the motion and give him or her the benefit of every reasonable inference. *Gibson v. Johnson*, 414 S.W.2d 235, 238 (Tex.Civ.App.—Tyler 1967, writ ref'd n.r. e.). Although the proponent carries the burden of proof, it is incumbent upon the opponent to come forward with evidence sufficient to raise a fact issue or suffer adverse judgment. *Kuper v. Schmidt*, 161 Tex. 189, 338 S.W.2d 948, 951 (1960).

In this case, Williamson alleges that she has come forward with evidence sufficient to raise a fact issue. Specifically, she challenges the trial court's finding that her cause of action under the wrongful death act was barred by the two-year statute of limitations. According to Williamson, the two-year statute was tolled by art. 5539a, which provides:

When an action shall be dismissed in any way, or a judgment therein shall be set aside or annulled in a direct proceeding, because of a want of jurisdiction of the Trial Court in which such action shall have been filed, and within sixty (60) days after such dismissal or other disposition becomes final, such action shall be commenced in a Court of Proper Jurisdiction, the period between the date of first filing and that of commencement in the second Court shall not be counted as a part of the period of limitation unless the opposite party shall in abatement show the first filing to have been in intentional disregard of jurisdiction.

Williamson maintains that her filing in the U.S. District Court was not done "in intentional disregard of jurisdiction."

That complete diversity did not and does not exist between the parties is clear from the face of Williamson's pleadings. The relevant portion reads as follows:

1.01 Jurisdiction is founded herein on the diversity of citizenship under 28 U.S.C., Section 1332.

1.02 Plaintiff is a resident of the State of Texas and resides in the Eastern District of Texas.

**40**

1.03 Defendant John Deere Company is a corporation and may be served with process by serving its registered agent, C.T. Corporation System, located at Republic National Bank Building, Dallas, Texas.

1.03 Defendant Austin Products, Inc. is a Texas Corporation, and may be served with process by serving its registered agent, G.E. Dawkins, located at 2949 Stemmons Freeway, Dallas, Texas.

Williamson's attorney readily admits in one of his affidavits that he was and is fully aware of the complete diversity requirement for filing suit in federal court, but says that "the fact that there wasn't [complete diversity] at that time did not sink into [his] mind until after the complaint had been filed and challenged."

 The question for our determination is whether these facts demonstrate an intentional disregard of jurisdiction as a matter of law. The case is one of first impression. The phrase "intentional disregard of jurisdiction" is not defined in the statutes nor in our case law. The only guidance that we have comes from *Burford v. Sun Oil Co.*, 186 S.W.2d 306, 310 (Tex.Civ.App. —Austin 1944, writ ref'd w.o.m.), which states that art. 5539a is to be liberally construed to give relief from the bar of limitation to one who has "mistakenly but in good faith" brought action in the wrong court.

The burden is on Austin and Deere to show that Williamson's filing in federal court was in "intentional disregard of jurisdiction." We hold that the affidavits filed by Williamson raise a genuine issue of fact as to whether or not Williamson, in filing her initial action in the United States District Court, did so as a result of a good faith mistake or in intentional disregard of jurisdiction, and that Deere and Austin have failed to establish as a matter of law that Williamson's action was in "intentional disregard of jurisdiction." Williamson's first and second points of error are sustained.

The third point of error alleges that the trial court erred in granting the plea in abatement and motion to dismiss. The case of *Seay v. Hall*, 677 S.W.2d 19 (Tex. 1984), is dispositive on this point. *Seay* holds that the district court, rather than the statutory probate court, properly has jurisdiction over both wrongful death and survival causes of action. *Id.* at 25. Therefore, we sustain Williamson's third point of error.

The judgment of the trial court is reversed and the cause remanded for trial.