**Deborah Kaye PARKER, Appellant,**

v.

**Lee Edward CUMMING, Jim Bass Ford and Ford Motor Company, Appellees.**

No. 11-05-00380-CV.

Court of Appeals of Texas, Eastland.

Feb. 22, 2007.

Rehearing Overruled April 5, 2007.

James R. Chapman, Jr., Fredericksburg, Curtis J. Kurhajec, Thornton, Biechlin, Segrato, Reynolds & Guerra, L.C., Austin, for Appellant.

Craig A. Courville, Wright & Greenhill, P.C., John W. Chambless, II, Michael W. Eady, Thompson, Coe, Cousins & Irons, L.L.P., Frederick Paris Coogan, III, Coogan & Associates, Austin, for Appellees.

Panel consists of: WRIGHT, C.J., McCALL, J., and STRANGE, J.

## OPINION

RICK STRANGE, Justice.

Deborah Kaye Parker filed suit seeking personal injury damages arising out of an automobile accident. Parker's suit was filed more than two years after the accident, but she alleged that litigation previously filed in bankruptcy and federal district courts had tolled limitations. The trial court found that the tolling provision did not apply and granted defendants' motions for summary judgment. We affirm.

### I. *Background Facts*

Parker was involved in a three-car accident on January 27, 2001. On January 24, 2003, she filed suit against Lee Edward Cumming; Society of St. Vincent De Paul; Catholic Diocese of Midland, Texas; Jim Bass Ford; Mercury Automobile Company; and Dr. Joe Wilkinson. Parker had previously filed for Chapter 7 bankruptcy protection, and she filed her suit as an adversary proceeding in her bankruptcy case. Parker alleged that the adversary proceeding was a core proceeding, that each defendant was negligent, that their negligence was the proximate cause of her injuries, and that each was jointly and severally liable for her injuries. Parker's complaint requested that the litigation be transferred to U.S. District Court for jury trial.

Approximately two weeks later, the bankruptcy court entered an order that required Parker to show cause why her adversary suit should not be dismissed for lack of jurisdiction. Parker responded with a separate motion to transfer the litigation to district court. The bankruptcy court determined that it lacked jurisdiction to hear or transfer Parker's personal injury suit and dismissed the adversary proceeding.

Parker then filed suit in U.S. District Court against the same defendants and asserted the same causes of action. She later dismissed her claims against Dr. Wilkinson. The remaining defendants filed motions to dismiss for failure to state a claim, and Ford Motor Company filed a motion to dismiss for lack of subject-matter jurisdiction. The district court initially denied the motions to dismiss, but when Parker's bankruptcy case was closed, the court dismissed the suit for lack of subject-matter jurisdiction.

Parker then filed suit in state court against the remaining defendants and asserted the same claims originally asserted in the adversary proceeding. The defendants filed a motion for summary judgment arguing that Parker's claims were barred by limitations because the state court suit was filed more than two years after the accident and because Parker's adversary proceeding did not toll limitations. Parker responded that TEX. CIV. PRAC. & REM.CODE ANN. § 16.064 (Vernon 1997) tolled limitations because her adversary proceeding and federal district court litigation were not filed with intentional disregard of proper jurisdiction and each subsequent suit was filed within sixty days of the dismissal of the preceding one. The trial court disagreed and granted defendants' summary judgment motion.

## II. *Issues*

Parker challenges the trial court's decision with a single issue, contending that summary judgment was inappropriate because there was no evidence that she was guilty of intentional disregard of proper jurisdiction.

## III. *Was Summary Judgment Proper?*

The key facts are undisputed. The issue is the effect of Parker's decision to file an adversary proceeding that the bankruptcy court determined it had no jurisdiction to consider.

### A. *Standard of Review.*

■■■ The standard of review for traditional summary judgments is well recognized. We must consider the summary judgment evidence in the light most favorable to the nonmovant, indulging all reasonable inferences in favor of the nonmovant, and determine whether the movant proved that there were no genuine issues of material fact and that it was entitled to judgment as a matter of law. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). A defendant is entitled to summary judgment if the defendant either disproves an element of each of the plaintiff's causes of action or establishes an affirmative defense on each of the plaintiff's causes of action as a matter of law. *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex.1997). When a defendant moves for summary judgment on limitations and the plaintiff relies upon a tolling statute, the defendant must negate the applicability of that statute. *Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 891 (Tex. 1975). Not until the defendant shows that the plaintiff's cause is barred by limita-

tions does the burden shift to the plaintiff to establish tolling. *See Wise v. Anderson*, 163 Tex. 608, 359 S.W.2d 876, 880 (1962).

### B. *Analysis.*

■■■ Section 16.064 provides a tolling provision for litigation initially filed in a court without jurisdiction if, within sixty days of the dismissal for lack of jurisdiction, suit is filed in a court of proper jurisdiction and if the initial filing was not done with intentional disregard of proper jurisdiction. This statute is to be liberally construed to effectuate its manifest objective-relief from penalty of limitation bar to one who has mistakenly brought his action in the wrong court-but its reach is not limitless. *Clary Corp. v. Smith*, 949 S.W.2d 452, 461 (Tex.App.-Fort Worth 1997, writ denied).

Ford argues that the focus should not be on where the case was filed, but where it was not filed. Ford contends that Parker knew state court was the proper jurisdiction but yet intentionally filed her lawsuit in bankruptcy court. Ford incorrectly assumes that there was only one proper jurisdiction when the adversary proceeding was filed, which potentially would read the statute out of existence.[1] Under Ford's analysis, if a claimant could clearly file suit in state court, but in good faith incorrectly thought it could also file suit in federal court using diversity jurisdiction, then the claimant's knowledge that state court was an appropriate forum would foreclose any reliance on Section 16.064. We believe it clear that the legislature intended the statute to toll limitations when, for example, a claimant makes a good faith mistake concerning a defendant's residence or princi-

---

1. Because Parker's bankruptcy proceeding was still pending and because any recovery she obtained was potentially subject to the trustee's administration, the federal district court where Parker's bankruptcy proceeding was pending also had jurisdiction. *See* 28 U.S.C. § 1334(b).

pal place of business or when calculating the amount in controversy.

Conversely, Parker argues that defendants were required to prove that "there was *no way* for the courts where Parker's suit was previously filed could have had jurisdiction over the case and that Parker knew this, but nevertheless she filed the prior suits anyway." Parker's analysis would make Section 16.064 inapplicable unless the plaintiff makes a remarkable confession and, in most instances, waives the attorney-client privilege to do so. In an appropriate case, the plaintiff's knowledge and state of mind could be necessary to a determination of the statute's application, but we do not believe that it is necessarily so in every case.

■ In this case, Section 16.064 did not toll limitations because, even assuming every statement and allegation in Parker's adversary complaint is taken as true, that pleading affirmatively establishes that the bankruptcy court did not have jurisdiction. It was unnecessary for defendants to prove that Parker consciously appreciated this because her knowledge of the law is imputed. Absent some evidence of accident or mistake, filing suit with a pleading that on its face establishes the court's lack of jurisdiction does not invoke Section 16.064's tolling provision.

■ Parker's adversary complaint contained the following jurisdictional statement:

This Court has jurisdiction and venue, as this is a core proceeding pursuant to 28 USC 157. Pursuant to 28 USC 157(b)(5), Plaintiff requests this case be transferred to the United States District Court for the Western District of Texas, Austin Division, for jury trial.

Parker's personal injury suit was not a core proceeding. A core proceeding is one that involves a right created by the federal bankruptcy law, such as an action to avoid a preference, or is one that would only arise in bankruptcy, such as the filing of a proof of claim. *See Wood v. Wood*, 825 F.2d 90, 97 (5th Cir.1987). Parker's suit was neither.

Parker contends that her claim was a core proceeding because her recovery would have been partially nonexempt and, thus, subject to the bankruptcy trustee's administration. Parker confuses "related to" jurisdiction with "core" jurisdiction. Because any recovery could conceivably have increased the debtor's estate, it was clearly within related to jurisdiction. *See In re Prescription Home Health Care, Inc.*, 316 F.3d 542, 547 (5th Cir.2002) (the usual test for related to jurisdiction is whether the outcome of a proceeding could conceivably have any effect on the estate being administered). But, because her adversary complaint identified no right created by federal bankruptcy law nor was it an action that could only arise in a bankruptcy proceeding, it was not a core proceeding.

■ Moreover, the very bankruptcy statute Parker cited, 28 U.S.C. § 157, makes clear that the bankruptcy court had no jurisdiction to hear Parker's personal injury suit. Section 157 defines a bankruptcy court's jurisdiction and provides bankruptcy judges with the jurisdiction to "hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title." Section 157(b)(1). The statute provides further, however, that:

The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending,

or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

Section 157(b)(5).

Parker argued that Section 157 merely required the trial to occur in district court, but because her recovery was subject to the trustee's administration, the appropriate course was to file it in bankruptcy court and then have it transferred to district court for trial. The bankruptcy court rejected this construction of Section 157 holding that "it lacked jurisdiction to hear or authority to transfer [Parker's] personal injury case to the District Court." The bankruptcy court's interpretation of its own jurisdictional statute is entitled to deference. Parker has provided this court with no authority indicating that this interpretation was incorrect, and we have found none ourselves.

Instead, the law is clear that bankruptcy courts have no jurisdiction over personal injury suits. Section 157(b)(5) was added in response to the Supreme Court's ruling in *N. Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). The court ruled that a previous grant of sweeping jurisdiction to bankruptcy courts was unconstitutional because it vested Article III power in judges who did not enjoy Article III's protections or safeguards. *Id.* at 62, 102 S.Ct. 2858. Section 157(b)(5) excluded from their jurisdiction subject matter not specifically derived from bankruptcy law. *Wood*, 825 F.2d at 95. This gave district courts jurisdiction over personal injury and wrongful death actions, while preserving for bankruptcy courts the jurisdiction to deal with bankruptcy-related matters.

*Baumgart v. Fairchild Aircraft Corp.*, 981 F.2d 824, 831 (5th Cir.1993).

■ Because bankruptcy courts have no jurisdiction over personal injury suits, Parker's construction of Section 157 to require only that the trial occur in district court is incorrect. No jurisdiction means exactly that. The bankruptcy court had no authority to do anything with Parker's personal injury suit. Whether Parker was conscious of this is immaterial. All persons are presumed to know the law and are charged with knowledge of statutory provisions. *Virtual Healthcare Servs., Ltd. v. Laborde*, 193 S.W.3d 636, 644 (Tex. App.-Eastland 2006, no pet.). Parker, therefore, is charged with knowledge that the bankruptcy court had no jurisdiction.

The defendants carried their burden of proof by showing that the adversary proceeding was filed in the bankruptcy court even though the complaint on its face established that court's lack of jurisdiction. It was incumbent upon Parker to produce sufficient evidence to create a question of fact. *Cf. Williamson v. John Deere Co.*, 708 S.W.2d 38, 40 (Tex.App.-Tyler 1986, no writ) (plaintiff's original federal court pleading clearly showed on its face that diversity jurisdiction did not exist because the parties were all Texas residents, but the affidavit of plaintiff's counsel explaining that this was the result of his mistake was sufficient to create a fact question). Parker filed a summary judgment response, but no summary judgment evidence.[2]

■ During oral argument, counsel explained that he initially filed suit in bankruptcy court because of his construction of Section 157, and he elaborated on that construction. We have considered this ar-

---

2. After the summary judgment hearing, Parker filed a motion for leave to file summary judgment evidence. The trial court denied Parker's motion for leave. Parker does not challenge that ruling.

gument for purposes of analyzing the statute. But, because counsel did not file an affidavit with the trial court in response to the defendants' motions for summary judgment, we cannot consider counsel's comments for any other purpose.[3] *See Deerfield Land Joint Venture v. S. Union Realty Co.*, 758 S.W.2d 608, 611 (Tex.App.-Dallas 1988, writ denied) (reviewing court considers only evidence that was before the trial court at time of summary judgment hearing).

■ Parker filed a "supplemental brief on collateral estoppel" the week before oral argument. In this brief, she asserted that defendants were collaterally estopped from asserting a statute of limitations defense because this argument had been presented to, and denied by, the federal district court. Parker refers this court to an order entered by the district court that addressed a number of pretrial motions, including motions to dismiss for failure to state a claim. Of relevance to this proceeding, the court held:

> Although Defendants assert that Parker's first filing in the bankruptcy court was done with "intentional disregard of proper jurisdiction," this Court cannot so conclude based on the pleadings. Accordingly, Defendants' motions to dismiss based on the statute of limitations will be denied.

■ Collateral estoppel applies when (1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action, and (2) those facts were essential to the judgment in the first action. *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 519 (Tex.1998). That doctrine does not apply to the federal court's pretrial order.

■ First, the federal court did not find that Parker acted without intentional disregard, it simply held that defendants had not carried their burden under FED. R.CIV.P. 12(b)(6).[4] The failure to find a fact does not establish the opposite proposition. *See Battaglia v. Alexander*, 177 S.W.3d 893, 903 (Tex.2005) (jury's failure to find doctor negligent was not an affirmative finding that he was not). Second, this was a pretrial ruling on the sufficiency of Parker's allegations. It did not represent a full and fair litigation of the limitations issue.[5] Had the federal court not later dismissed the suit for lack of subject-matter jurisdiction, this order would not have prevented the defendants from continuing to assert limitations. The court's determination that Parker's complaint stated a claim is far short of a final judgment that Parker did not act with intentional disregard. Collateral estoppel, therefore, does not apply.

## IV. Holding

The summary judgment evidence established that Parker filed suit in a court that—based solely on the statements in her own complaint—clearly had no juris-

---

**3.** Nor was an affidavit from counsel included in the evidence Parker attempted to file after the summary judgment hearing.

**4.** When deciding a Rule 12(b)(6) motion, federal courts are required to accept as true well-pleaded factual allegations in the plaintiff's complaint. *C.C. Port, Ltd. v. Davis–Penn Mortgage Co.*, 61 F.3d 288, 289 (5th Cir.1995). Dismissal is proper only if it appears beyond doubt that the plaintiff can prove no set of facts in support of claim that would entitle

him to relief. *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir.1995).

**5.** Federal courts may not grant a Rule 12(b)(6) motion merely because they believe almost to a certainty that the plaintiff is unlikely to prevail on the merits. *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986). The question is whether the complaint states a claim. *Id.*

diction to consider it. Parker failed to create a question of fact on Section 16.064's application; accordingly, we cannot say that the trial court erred by granting defendants' motions for summary judgment. The judgment of the trial court is affirmed.