Opinion filed September 27, 2007












 
 
  
 
 







 
 
  
 
 




Opinion filed September
27, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-06-00162-CV 

                                                    __________

 

                               DEBORAH KAYE PARKER, Appellant

 

                                                             V.

 

                          ST.
ANNE CONFERENCE OF THE SOCIETY 

                          
   OF ST. VINCENT DE PAUL Appellee

 



 

                                         On
Appeal from the 385th District Court

 

                                                        Midland County, Texas

 

                                                 Trial
Court Cause No. CV44839

 



 

                                              M
E M O R A N D U M   O P I N I O N

 








Deborah
Kaye Parker filed suit against several defendants seeking personal injury
damages arising out of an automobile accident.  Three defendants B who are not parties to
this appeal B filed a
motion for summary judgment contending that Parker=s suit was barred by limitations because it
was filed more than two years after the accident.  Parker responded that Tex. Civ. Prac. & Rem. Code Ann. ' 16.064 (Vernon 1997)
tolled limitations because she timely filed suit against these same defendants
in bankruptcy court, timely re-filed suit in federal district court when her
adversary proceeding was dismissed, and then timely re-filed suit in state
court when her federal action was dismissed.  The trial court disagreed,
granted the motion for summary judgment, and severed the moving defendants from
the litigation.  This court affirmed, finding that Section 16.064 did not toll
limitations because the factual allegations in Parker=s adversary complaint affirmatively
established that the bankruptcy court lacked jurisdiction.  Parker v.
Cumming, 216 S.W.3d 905 (Tex. App.CEastland
2007, pet. denied).

St.
Anne Conference of the Society of St. Vincent De Paul,[1]
filed a similar motion for summary judgment that the trial court granted.  On
appeal, Parker argues th4at the trial court erred because our prior holding is
incorrect.  Parker contends that the bankruptcy court is a unit of the district
court and that federal law mandates only that a personal injury trial
occur in district court.  See 28 U.S.C. ''
151, 157(b)(5).  Parker concludes that, because only the trial must
occur in district court, she was not prohibited from filing her
adversary proceeding in bankruptcy court.  Parker argues, therefore, that the
bankruptcy court had at least limited jurisdiction over her claim and that
limitations was tolled.

Parker
conceded that she could find no reported case where a personal injury suit was
filed in bankruptcy court and was later transferred to the district court for
trial.  Nor could we.  In our prior holding, we explained that personal injury
suits are outside a bankruptcy court=s
core jurisdiction because they do not involve a right created by federal
bankruptcy law and do not arise only in a bankruptcy proceeding.  See Wood
v. Wood, 825 F.2d 90, 97 (5th Cir. 1987) (defining core jurisdiction).  We
acknowledged that, if a debtor recovers personal injury damages, this recovery
could be subject to the bankruptcy trustee=s
administration, but we held that this merely establishes that a debtor=s personal injury claim is
within the bankruptcy court=s
Arelated to@ jurisdiction.  See IRS
v. Prescription Home Health Care, Inc. (In re Prescription Home Health Care, Inc.),
316 F.3d 542, 547 (5th Cir. 2002) (defining Arelated
to@ jurisdiction).








The
bankruptcy court=s
ability to administer an asset is not synonymous with a general grant of
jurisdiction over all matters pertaining to that asset.  The Supreme Court in N.
Pipeline Constr. Co. v. Marathon Pipe Line Co., 458 U.S. 50, 62 (1982),
held that a prior version of the bankruptcy act was unconstitutional because it
vested Article III[2] power in
judges who did not enjoy Article III=s
protections or safeguards.   Congress responded by adding Section 157(b)(5). 
This provision gave district courts jurisdiction over personal injury and
wrongful death actions, while preserving for bankruptcy courts the jurisdiction
to deal with bankruptcy-related matters.  Baumgart v. Fairchild Aircraft
Corp., 981 F.2d 824, 831 (5th Cir. 1993).  Consequently, the bankruptcy
court has authority to control a debtor=s
disposition of a personal injury award but not the authority to adjudicate a
personal injury claim.

Parker
acknowledged during oral argument that under her construction of Section
157(b)(5), if a personal injury action is filed as an adversary proceeding, a
bankruptcy court would have jurisdiction over all pretrial matters including
dispositive motions.  This construction would render the current bankruptcy act
unconstitutional because there is no practical distinction between the
authority to resolve dispositive pretrial motions and the authority to conduct
a trial.  We must, if possible, construe statutes to avoid constitutional infirmities. 
Nootsie, Ltd. v. Williamson County Appraisal Dist., 925 S.W.2d 659, 662
(Tex. 1996).  This requires that we reaffirm our prior analysis.  Because
bankruptcy judges are not Article III judges, the bankruptcy court had no
jurisdiction over Parker=s
personal injury suit.  Moreover, because Parker=s
own complaint established the bankruptcy court=s
lack of jurisdiction, Section 16.064=s
tolling provision does not apply.  The trial court, therefore, correctly held
that Parker=s claim
was barred by limitations.

Parker=s issues are overruled, and
the judgment of the trial court is affirmed.  

 

PER CURIAM

 

September 27,
2007

Panel consists of:  Wright, C.J.,

Strange, J., and Hill, J.[3]









[1]The trial court=s
order reflects that St. Anne Conference of the Society of St. Vincent De Paul
was designated as Society of St. Vincent De Paul, Catholic Diocese of Midland,
Texas, in the petition.





[2]U.S. Const. art. III.





[3]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth sitting by assignment.