

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## NUMBER 13-08-00501-CV

ALVINO CHACON,                                                            Appellant,

v.

ANDREWS DISTRIBUTING COMPANY
LTD. AND ROBERT SANCHEZ,                                      Appellees.

## NUMBER 13-08-00558-CV

ALVINO CHACON,                                                            Appellant,

v.

WAL-MART STORES, INC.,                                           Appellee.

On appeal from the 105th District Court
of Kleberg County, Texas.

# O P I N I O N

Before Chief Justice Valdez and Justices Yañez and Benavides
Opinion by Chief Justice Valdez

Appellant, Alvino Chacon, appeals from summary judgments granted in favor of appellees, Wal-Mart Stores, Inc. (cause number 13-08-00558-CV), Andrews Distributing Company, Ltd., and Robert Sanchez (cause number 13-08-00501-CV). In two issues, Chacon contends that the district court erred in granting summary judgments in the appellees' favor because: (1) the evidence did not establish as a matter of law that he intentionally disregarded a county court at law's jurisdiction where a similar suit was previously filed; and (2) the county court at law had jurisdiction to grant Wal-Mart's motion to designate a responsible third party and the designation tolled limitations.[1] We affirm in part and reverse and remand in part.

## I. BACKGROUND

On October 6, 2003, Chacon allegedly slipped and fell on a wet floor in a Wal-Mart store located in Kingsville, Texas. Shortly thereafter, Chacon retained the law firm of Herrman & Herrman, L.L.P. to recover damages for the injuries that he allegedly sustained, and a suit was filed within the two-year limitations period.

## A.     County Court Suit

On October 4, 2005, Chacon brought a premises liability claim against Wal-Mart in the Kleberg County Court at Law (hereinafter "county court"). Chacon's original petition alleged that the county court had jurisdiction under section 25.1802 of the government code,[2] and it did not specify the amount in controversy. Wal-Mart answered and filed special exceptions requesting that Chacon amend his petition to specify the maximum

---

[1] Because the first issue presented on appeal is identical in both cases, we, on our own motion, consolidate the appeals. *See* TEX. R. APP. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal.").

[2] Section 25.1802 of the government code defines the jurisdiction of county courts at law in Nueces County, not Kleberg County. *See* TEX. GOV'T CODE ANN. § 25.1082 (Vernon 2004).

amount of damages sought. On December 15, 2005, Chacon amended his petition to specify that the maximum amount of damages sought was $1,000,000.

On September 1, 2006, Wal-Mart sought and received leave of court to designate Andrews Distributing, a beer distributing company, and Sanchez, an Andrews Distributing employee (hereinafter collectively referred to as "Andrews Distributing"), as responsible third parties. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.004 (Vernon 2008). On September 22, 2006, Chacon filed his second amended petition, which included negligence claims against Andrews Distributing, alleging that Sanchez was asked by a Wal-Mart employee to caution customers about a wet area of the store's floor, that he failed to do so, and that Chacon was injured, in part, by Sanchez's negligence.

On May 8, 2007, Andrews Distributing moved to dismiss Chacon's suit for lack of jurisdiction on the ground that the amount in controversy was beyond the jurisdictional limits of the county court. Andrews Distributing argued that: (1) the county court could not hear any matter in which the amount in controversy exceeded $100,000; (2) Chacon pleaded for $1,000,000 in damages in his first and second amended petitions; and (3) he knew when suit was filed that his damages were over $100,000. *See* TEX. GOV'T CODE ANN. § 25.1392 (Vernon 2004) (providing that jurisdiction for the Kleberg County Court at Law is set by, among other statutes, section 25.003 of the government code); *id*. § 25.003 (Vernon Supp. 2008) (providing that the maximum amount in controversy for county courts at law is $100,000).

In support of its motion, Andrews Distributing attached a tabulation of medical expenses and several medical bills that Chacon had disclosed to Wal-Mart through the discovery process. The tabulation, which is undated, lists bills from several medical

3

providers and alleges that Chacon's total medical expenses were $182,112.72. The attached bills that were used in the tabulation show that Chacon was, *inter alia*, treated in a Kingsville emergency room the day of the accident at a cost of $6,549.37, hospitalized at Corpus Christi Medical Center from June 9 to 12, 2004, at a cost of $100,949.00, and received several radiological scans of his lumbar region throughout 2004. The Corpus Christi Medical Center bill includes charges for care that appear related to diabetes and a heart condition.[3]

Chacon responded to the dismissal motion by arguing that the suit was mistakenly filed in county court because Debra Garcia, a litigation legal assistant who drafted the petition, believed that the county court had concurrent jurisdiction with district courts, which is generally the practice in Nueces County's county courts at law.[4] Additionally, Chacon pleaded in his response that Cindy Trigo, a pre-litigation legal assistant, attempted to settle the suit for almost two years, but when no settlement was reached, suit was filed shortly before the two-year limitations period ran. Chacon contended that at the time suit was filed, neither Kyzmyck Byerly, the associate handling his case, nor Garcia "[was] aware of the full extent of [Chacon's] injuries." In the event of dismissal, Chacon requested a finding that his filing was an "unintentional" disregard of the county court's jurisdictional limits.

On June 19, 2007, the county court dismissed Chacon's suit without prejudice and denied all other relief.

B.    **District Court Suit**

On August 1, 2007, Chacon filed his premise liability claim in the 105th Judicial

---

[3] Chacon was billed a total of $1,396.00 for "glucos bld meter," "magnesium bld," and "basic metabolic panel." He was also billed $1,320.00 for an "open heart surgery unit."

[4] Attached to Chacon's response was an affidavit by Garcia. The contents of the affidavit will be discussed in subsection III of this opinion.

4

District Court of Kleberg County against Wal-Mart and Andrews Distributing.  The defendants answered with a general denial.  In addition, Wal-Mart asserted numerous affirmative defenses, including limitations.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003 (Vernon Supp. 2008) (prescribing a two-year statute of limitations for personal injury claims).  On May 15, 2008, Chacon amended his petition to request a tolling of the limitations period under section 16.064 of the civil practice and remedies code.  *See id.* § 16.064 (Vernon 2008).[5]

In the spring of 2008, Wal-Mart and Andrews Distributing filed similar motions for summary judgment on, *inter alia*, two grounds asserting that section 16.064 was inapplicable because Chacon's filing of the suit in county court was not an accident or mistake, but instead, was an "intentional disregard of proper jurisdiction."[6]  In support of their motions, the defendants attached substantial portions of the clerk's record in the county court suit, which included several pleadings, the tabulation of Chacon's medical bills, and the medical bills that were summarized in the tabulation.

The defendants, anticipating Chacon would blame any mistake on legal assistants, asserted as their first summary judgment ground that any miscalculation of Chacon's damages was irrelevant because the law firm "intentionally" filed suit in county court, believing the county court had concurrent jurisdiction with district court.  The legal assistant's misunderstanding of the county court's jurisdictional limits, Andrews Distributing

---

[5] Section 16.064 tolls the running of limitations from the date a plaintiff files an action in one trial court until the filing of the same action in a different court if (1) the first action is dismissed, set aside, or annulled for lack of jurisdiction, and (2) the second suit is filed within sixty days of the dismissal or disposition of the first action.  TEX. CIV. PRAC. & REM. CODE ANN. § 16.064(a) (Vernon 2008).  Section 16.064(a) does not apply if the first action was filed with "intentional disregard of proper jurisdiction."  *Id*. § 16.064(b).

[6] Andrews Distributing also moved for summary judgment on the ground that the county court did not have jurisdiction to grant Wal-Mart's motion for leave to designate it as a responsible third party.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.004 (Vernon 2008).  The section 33.004 ground will be detailed in subsection IV of this opinion.

posited, would have led to filing the suit in county court regardless of knowing the full extent of Chacon's injuries, and such a mistake was a mistake of law that section 16.064 was not intended to remedy.

As to the second summary judgment ground, the defendants argued that the record established as a matter of law that Chacon knew his damages exceeded $100,000 before suit was filed by pointing to the tabulation and the dates that the medical bills were invoiced, which show treatments and billing dates in 2003 and 2004. Andrews Distributing specifically argued that "[i]t stands to reason that [Chacon], his attorneys, and his attorney[s'] staff would not attempt to settle his case, prior to filing suit, without even a basic assessment of [Chacon's] medical bills or other damages for which he seeks recovery."

Chacon responded by arguing that the record affirmatively demonstrated that the county court had jurisdiction when the suit was originally filed because his original petition did not specify an amount in controversy. The "demonstration of jurisdiction" in his original petition, Chacon argued, negated the intentional disregard exception to the tolling statute. Chacon also argued that the defendants failed to establish that Garcia and Byerly knew the full extent of his injuries when they drafted and signed the petition.

As evidentiary support against summary judgment, Chacon attached affidavits from Trigo, Garcia, and Byerly. Trigo averred:

> I first met with Mr. Alvino Chacon on or about October 13, 2003. Mr. Chacon had been injured on the premises of Wal-Mart. I was the Legal Assistant who was assigned to work on Mr. Chacon's case. It was I, and my assistant Gracie Cisneros, who corresponded with Mr. Chacon and the representative of Wal-Mart. For nearly two years I made several attempts to settle the case with Wal-Mart. When it became apparent that the case was not going to settle before the running of the statute of limitations on October 6, 2003, I asked Ms. Debra Garcia to draft a petition so that a lawsuit could be filed.

6

After that request, I had no further dealing with Mr. Chacon's case. I did not work on the petition, nor did I see a draft of the petition.

Garcia averred:

I am the legal secretary for Mr. Gregory H. Herrman. I handle all calls for him and perform legal secretarial duties. I am also in charge of preparing drafts for the majority of lawsuits in this firm. I remember preparing a draft for review on behalf of Alvino Chacon in Kleberg County. The style of the case was Cause No. 05-496-C; Alvino Chacon v. Wal-Mart Stores, Inc. I was given Mr. Chacon's case by Legal Assistant Cindy Trigo who had worked on the file in pre-litigation. The file was given to me to draft a lawsuit three days prior to the running of the statute of limitations. I prepared a draft of the lawsuit based on the information I had at the time. I then gave the petition to Ms. Kyzmyck Byerly to review and sign on behalf of Mr. Herrman. After Ms. Byerly signed the petition, I filed Mr. Chacon's case in the County Court at Law in Kleberg County not knowing the full extent of Mr. Chacon's injuries. Mr. Herrman assigned the case to Ms. Byerly after Defendant Wal-Mart filed an Answer.

Byerly averred:

I am an attorney at Herrman and Herrman, L.L.P. On or about October 3, 2003, I was handed a draft of a petition pertaining to Alvino Chacon to review from Mr. Gregory Herrman's legal secretary Debra R. Garcia. I reviewed the petition and signed the petition with permission. At the time I signed the petition I was not aware of the extent of Mr. Chacon's injuries having not worked on the case prior to this. After the case was in litigation, Mr. Herrman assigned the case to me. Upon responding to Defendant Wal-Mart's Request for Disclosures, I discovered the extent of Mr. Chacon's injuries.

Chacon claimed that the tabulation and medical bills were discovery products, and Byerly did not know about them until well after suit was filed.

The trial court granted summary judgment in favor of Wal-Mart and Andrews Distributing, without specifying which ground(s) it relied upon, and dismissed Chacon's suit. Chacon's motion for new trial was denied by written order. This appeal ensued.

## II. STANDARD OF REVIEW

We review a trial court's grant or denial of a traditional motion for summary judgment

7

under a de novo standard of review. *Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 816 n.7 (Tex. 2005) (citing *Schneider Nat'l Carriers, Inc. v. Bates*, 147 S.W.3d 264, 290 n.137 (Tex. 2004)); *Alaniz v. Hoyt*, 105 S.W.3d 330, 345 (Tex. App.–Corpus Christi 2003, no pet.). The function of summary judgment is to eliminate patently unmeritorious claims and defenses, not to deprive litigants of the right to a trial by jury. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004); *Alaniz*, 105 S.W.3d at 345.

To obtain relief via a traditional motion for summary judgment, the movant must establish that no material fact issue exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002); *Mowbray v. Avery*, 76 S.W.3d 663, 690 (Tex. App.–Corpus Christi 2002, pet. denied). After the movant produces evidence sufficient to show it is entitled to summary judgment, the non-movant must then present evidence raising a fact issue. *See Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996). In deciding whether there is a disputed fact issue that precludes summary judgment, evidence favorable to the non-movant will be taken as true. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985). Evidence favorable to the movant, however, will not be considered unless it is uncontroverted. *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex. 1965). Moreover, every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in his favor. *Nixon*, 690 S.W.2d at 549.

In this case, Chacon pleaded for the application of the tolling provision in section 16.064 of the civil practice and remedies code. The applicability of section 16.064 is a question of law, which we review de novo. *Brown v. Fullenweider*, 135 S.W.3d 340, 342 (Tex. App.–Texarkana 2004, pet. denied) (citing *Tex. Dep't of Transp. v. Needham*, 82

8

S.W.3d 314, 318 (Tex. 2002)). Limitations is an affirmative defense, and a defendant asserting limitations must plead, prove, and secure findings on that issue. TEX. R. CIV. P. 94; *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 517 (Tex. 1988). Limitations may be addressed by way of special exceptions or other preliminary hearing only if it is clear from the face of the plaintiff's pleadings that limitations have run. *See Armstrong v. Snapp*, 186 S.W.2d 380, 383 (Tex. Civ. App.–Fort Worth 1945, no writ); *Steele v. Glenn*, 57 S.W.2d 908, 913 (Tex. Civ. App.–Eastland 1933, writ dism'd w.o.j.).

### III. INTENTIONAL DISREGARD

In his first issue, Chacon argues the district court's ruling that he intentionally disregarded the county court's jurisdictional limits when he filed his first suit, and section 16.064's tolling provision was thereby inapplicable, is not supported by the evidence. The defendants contend that Chacon's intentional disregard is evident from the face of the pleadings in the first suit and can be "reasonably inferred" from the affidavits that Chacon tendered.

### A. Applicable Law

Section 16.064 of the civil practice and remedies code provides a tolling provision for litigation initially filed in a court without jurisdiction if, within sixty days of the dismissal for lack of jurisdiction, suit is filed in a court of proper jurisdiction and if the initial filing was not done with intentional disregard of proper jurisdiction. TEX. CIV. PRAC. & REM. CODE ANN. § 16.064(a). Section 16.064 is to be liberally construed to effectuate its manifest objective—relief from penalty of limitation bar to one who has mistakenly brought his action in the wrong court—but its reach is not limitless. *Clary Corp. v. Smith*, 949 S.W.2d 452, 461 (Tex. App.–Fort Worth 1997, writ denied); *see also Burford v. Sun Oil Co.*, 186 S.W.2d

9

306, 310 (Tex. Civ. App.–Austin 1944, writ ref'd w.o.m.). The "limit" that is tested in this appeal is whether Chacon intentionally disregarded the proper jurisdiction of the county court by first filing suit there.

"Intentional disregard" is not defined in the statute or our case law; therefore, we must look to the phrase's common usage and accord it a plain meaning. *See* TEX. GOV'T CODE ANN. § 33.011 (Vernon 2005); *see e.g., McIntyre v. Ramirez*, 109 S.W.3d 741, 745 (Tex. 2003). Black's Law Dictionary defines intent as, among other things, "design, resolve, or determination with which [a] person acts." BLACK'S LAW DICTIONARY 810 (6th ed. 1990). It also defines disregard as "to treat as unworthy of regard or notice; to take no notice of; to leave out of consideration; to ignore; to overlook; to fail to observe." *Id*. at 472.

Thus, for the trial court to have granted the defendants' motion for summary judgment on limitations, it would have to find as a matter of law that Chacon, acting with design, resolve, or determination, treated as unworthy of regard or notice the county court's amount-in-controversy limits on its jurisdiction.

## B. Analysis

In moving for summary judgment, each defendant urged the district court to consider Chacon's filing of the suit in county court as a mistake of law that section 16.064 was not intended to redress, and that such a mistake of law could not be overcome by the affidavits from law firm personnel. The defendants relied on *Parker v. Cumming* for the proposition that section 16.064 remedies only mistakes of fact. *See* 216 S.W.3d 905, 908 (Tex. App.–Eastland 2007, pet. denied); *see also French v. Gill*, 252 S.W.3d 748, 757 (Tex. App.–Texarkana 2008, pet. denied) (concluding that the plaintiff is "charged with knowledge of the law" in analyzing the applicability of section 16.064).

In *Parker*, the plaintiff's counsel filed a personal injury suit just before the two-year limitations period ran in bankruptcy court. 216 S.W.3d at 908. The bankruptcy court dismissed the plaintiff's claim and so did the federal district court when the claim was re-filed there. *Id*. The plaintiff then filed her personal injury claim in state district court and pleaded section 16.064's tolling provisions, but the state district court granted the defendant summary judgment on limitations. *Id*. On appeal, the Eastland Court of Appeals, charging the plaintiff with knowledge of statutory provisions, held that the federal statute the plaintiff relied on did not provide federal jurisdiction for her claim, and that the defendants "carried their burden of proof." *Id*. at 911 (citing *Virtual Healthcare Servs., Ltd. v. Laborde*, 193 S.W.3d 636, 644 (Tex. App.–Eastland 2006, no pet.)).

The *Parker* court, however, noted that the plaintiff had not created a question of fact like the plaintiff in *Williamson v. John Deere Company* had done. *Id*. (citing *Williamson v. John Deere Co.*, 708 S.W.2d 38, 40 (Tex. App.–Tyler 1986, no writ)). In *Williamson*, the plaintiff's original federal court pleading clearly established lack of diversity jurisdiction on its face, even though she pleaded diversity as a basis for federal jurisdiction. *Williamson*, 708 S.W.2d at 38. The federal court dismissed the plaintiff's suit for lack of subject-matter jurisdiction, and when she filed in state court, the defendants moved for summary judgment on limitations and contested the applicability of section 16.064's precursor. *Id*. at 39. The plaintiff's counsel, responding to the summary judgment motions, tendered an affidavit explaining that the defect in the federal court pleading was the result of his mistake. The *Williamson* court held that the affidavit created a fact issue that precluded summary judgment. *Williamson*, 708 S.W.2d at 40.

In this case, Chacon tendered affidavits from Trigo, Garcia, and Byerly, which taken

11

together, illustrate the inner workings of the law firm and its personnel's misunderstandings. The defendants' two summary judgment grounds latched onto this illustration, and they essentially equated the law firm's ineptitude to intentional disregard because intent may be proven by circumstantial evidence. Section 16.064, however, requires some finding of "intentional disregard," and specific intent is difficult to establish as a matter of law. *See, e.g., Garcia v. John Hancock Variable Life Ins. Co.*, 859 S.W.2d 427, 431 (Tex. App.–San Antonio 1993, writ denied) ("We think it to be a rare instance where subjective intent could be established as a matter of law.") (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 816-17(1982)).

As support for the defendants' first summary-judgment ground, which asserts that Garcia would have filed suit in county court regardless of the extent of Chacon's injuries because she misunderstood the jurisdictional limits of the courts, the defendants point to Garcia's affidavit that was filed in the county court. The county court affidavit substantially comports with Garcia's district court affidavit, with the exception of the following additional statement:

> After Ms. Byerly signed the petition, I filed Mr. Chacon's case in the County Court at Law, not knowing that Mr. Chacon's damages were beyond the jurisdictional limits of the County Court. I assumed that the jurisdictional limits for the County Court at Law in Kleberg County ran concurrent with their District Court as they do in Nueces County, Texas, where I file the majority of Herrman & Herrman's lawsuits. Filing this lawsuit in the County Court at Law where it lacked jurisdiction was not intentional but was due to not having all the correct information.

The defendants posit that Garcia would have filed Chacon's suit in county court regardless of the amount in controversy because she misunderstood the county court's jurisdictional limits, and they implicitly contend that "would have" is tantamount to intentional disregard.

12

But Garcia does not state what she "would have done," and we are to indulge every reasonable inference in Chacon's favor rather than in the defendants' favor. *See Nixon*, 690 S.W.2d at 549. Garcia merely recounted her misunderstanding of the jurisdictional limits of the county court and her typical practice in Nueces County. There is, therefore, a fact question as to whether suit was filed in county court intentionally or mistakenly.

As to the second ground, which asserts that the record conclusively establishes that Chacon knew of his damages before suit was first filed, the defendants point to the tabulation and corresponding medical bills as conclusive evidence. While the presence of pre-suit medical bills, when presented to a fact finder, might weigh in the defendants' favor, it is counter-balanced by Garcia's and Byerly's affidavit testimony that they were not aware of the full extent of Chacon's injuries when the petition was drafted and signed. *But see* TEX. R. CIV. P. 13 ("The signatures of attorneys or parties constitute a certificate by them that they have read the pleading, motion, or other paper; that to the best of their knowledge, information, and belief formed after reasonable inquiry the instrument is not groundless and brought in bad faith or groundless and brought for the purpose of harassment.").

Byerly further stated that she became aware of Chacon's injuries when she responded to Wal-Mart's requests for disclosure. Additionally, there is no evidence that Chacon himself immediately received and opened the bills on the invoiced date, nor that he calculated the total amount of damages and informed Garcia of any calculation.[7] Moreover, in response to our questions at oral argument, Byerly noted that she initially

---

[7] *See* Michelle Andrews, *4 Ways to Save on Your Medical Bills*, U.S. NEWS & WORLD REPORTS (Aug. 21, 2008), *available at*: http://health.usnews.com/blogs/on-health-and-money/2008/08/21/4-ways-to-save-on-your-medical-bills.html (last visited on Jun. 23, 2009) ("Letting the [medical] bills pile up unopened is a popular but ineffective way to address the problem [of mounting healthcare debt].")

13

believed Chacon had suffered only a "soft tissue injury" at Wal-Mart and pre-existing conditions may have aggravated his injury. Indeed, the Corpus Christi Medical Center's bill details care that appears related to diabetes and a heart condition. There is, thus, a fact issue as to whether Chacon or Garcia and Byerly knew of the amount in controversy when he filed suit in county court.[8]

Chacon's first issue is sustained.[9]

## IV. DESIGNATION OF RESPONSIBLE THIRD PARTY

Andrews Distributing was not made a party to the suit in county court until September 2006, when the trial court granted Wal-Mart's motion to designate a responsible third party (the "designation order") and Chacon filed his second amended petition asserting negligence claims against it. Under its third ground for summary judgment, Andrews Distributing essentially urged the district court to declare the designation order void and, because the county court lacked subject-matter jurisdiction to sign the designation order, adjudicate its invalidity. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(e) (Vernon 2008). Andrews Distributing contended that because the designation

---

[8] The dissent contends that the facts in this case are undisputed. We believe that most of the facts in this case are settled, with the exception of whether the law firm's conduct amounted to intentional disregard as a matter of law. The dissent rationalizes its legal conclusion by (1) implicitly defining intentional disregard as some sort of negligence, and (2) using the rules of professional conduct to impute Trigo's knowledge of Chacon's injuries to Byerly. We believe that we have explicitly and appropriately defined intentional disregard. Additionally, Wal-Mart has not urged any imputation of knowledge between law firm personnel based on the rules of professional conduct, and our adversarial system of justice and prudential rules militate against considering such an unbriefed issue. Make no mistake, we are no fans of negligent representation. *See infra* note 9. However, we are bound by a defined standard of review, the legislature's choice of words, and the briefing before us.

[9] Our sustaining Chacon's first issue should in no way be interpreted as us condoning the way Chacon's suit was handled by the law firm. The rules of professional conduct prohibit a lawyer from assisting a person who is not a member of the bar in the performance of activity that constitutes the unauthorized practice of law. TEX. DISCIPLINARY R. PROF'L CONDUCT 5.05(b), reprinted in TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon 2005) (Tex. State Bar R. art. X, § 9). Comment 4 to Rule 5.05 states, "Paragraph (b) of Rule 5.05 does not prohibit a lawyer from employing the services of paraprofessionals and delegating functions to them. So long as the lawyer supervises the delegated work, and retains responsibility for the work, and maintains a direct relationship with the client . . . ." *Id*. at cmt. 4.

order was void, there was no timely-filed suit against it and there was no statutory provision to toll limitations.

In his second issue, Chacon argues that the evidence does not support the trial court's implicit ruling that the county court did not have jurisdiction to grant the designation order. Specifically, Chacon argues that because the face of his October 4, 2005 original petition in county court did not allege an amount in controversy, such an omission, when liberally viewed, conferred jurisdiction on the county court and allowed it to "bring in" Andrews Distributing after limitations had run according to the provisions of section 33.004(e).

On appeal, Andrews Distributing contends that Chacon did not preserve his second issue because he did not argue to the county court that it had proper jurisdiction over the original suit. Instead, according to Andrews Distributing, Chacon judicially admitted to the county court that it lacked proper jurisdiction by claiming that he filed suit in county court without knowing that his damages exceeded the court's jurisdictional limits.

A.    **Applicable Law**

We begin with a review of basic pleading requirements. Texas Rule of Civil Procedure 47(b) requires that an original pleading "contain . . . the statement that damages sought are within the jurisdictional limits of the court." TEX. R. CIV. P. 47(b). Additionally, "[t]he general rule is that the allegations of the plaintiff's petition must state facts which affirmatively show the jurisdiction of the court in which the action is brought." *Richardson v. First Nat'l Life Ins. Co.*, 419 S.W.2d 836, 839 (Tex. 1967).

Andrews Distributing argues that the county court lacked subject-matter jurisdiction when the designation order was signed and that, before the district court on a motion for

15

summary judgment, it adjudicated the county court's lack of jurisdiction and invalidity of the designation order. A void judgment or order may be collaterally attacked only when it is apparent that the court rendering judgment "had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act." *See Browning v. Prostok*, 165 S.W.3d 336, 346 (Tex. 2005) (citing *Browning v. Placke*, 698 S.W.2d 362, 363 (Tex. 1985)).

Andrews Distributing further contends that sections 16.064 and 33.004 do not toll limitations for Chacon's claim against it. Specifically, Andrews Distributing argues that section 33.004's exception to limitations does not apply to Chacon's claims against it because the county court that signed the designation order lacked subject-matter jurisdiction. Section 33.004(e) provides that if:

> a person is designated under this section as a responsible third party, a claimant is not barred by limitations from seeking to join that person, even though such joinder would otherwise be barred by limitations, if the claimant seeks to join that person not later than 60 days after that person is designated as a responsible third party.

TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(e). Andrews Distributing also argues that section 16.064 does not toll limitations for Chacon's claim against it because Chacon sued it after limitations had run. Section 16.064 provides that:

> [t]he period between the date of filing an action in a trial court and the date of a second filing of the same action in a different court suspends the running of the applicable statute of limitations . . . .

*Id*. at § 16.064.

B.    **Analysis**

Chacon's original petition in county court, which was filed on October 6, 2005, only days before the two-year limitations period had expired, did not affirmatively demonstrate

16

the jurisdiction of that court because it did not state an amount in controversy and its jurisdictional allegations referred to the government code provision governing the county courts at law of Nueces County. It was, therefore, up to Wal-Mart, the only defendant at the time, to raise a special exception regarding Chacon's defective petition. *Cf. Peek v. Equip. Serv. Co.*,779 S.W.2d 802, 804 (Tex. 1989) ("Even if the jurisdictional amount is never established by pleading, in fact, a plaintiff may recover if jurisdiction is proved at trial."). Wal-Mart specially excepted, and on December 15, 2005, Chacon amended his petition to specify damages of $1,000,000.

Thus, Chacon's original petition did not affirmatively establish the county court's jurisdiction and his first amended petition negated its jurisdiction because it pleaded for damages beyond the county court's jurisdictional limits. Thus, Chacon's assertion that the county court momentarily maintained jurisdiction over his suit is not supported by the record. Additionally, Chacon did not plead that the county court acquired jurisdiction because his damages had increased because of the passage of time. *See Continental Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444, 449 (Tex. 1996) (citing *Mr. W. Fireworks, Inc. v. Mitchell*, 622 S.W.2d 576, 577 (Tex. 1981) (holding that "[i]f a plaintiff's original petition is properly brought in a particular court, but an amendment increases the amount in controversy above the court's jurisdictional limits, the court will continue to have jurisdiction if the additional damages accrued because of the passage of time.")).

Chacon's contention that sections 33.004 and 16.064 of the civil practice and remedies code tolled limitations for his claim against Andrews Distributing is equally meritless. Section 33.004(e)'s exception to limitations applies only upon a designation of a responsible third party under that section. TEX. CIV. PRAC. & REM. CODE ANN. §

17

33.004(e). The record, however, conclusively establishes that the county court lacked subject-matter jurisdiction when it signed the designation order. Therefore, Andrews Distributing established that the designation order was void. Additionally, section 16.064 tolls limitations for the period between the first and second-filed suits. *See id*. at § 16.064. The first time Chacon pleaded a claim against Andrews Distributing in the county court was on September 22, 2006, after the designation order had been signed and nearly a year after the two-year limitations period had expired. We hold Andrews Distributing established its affirmative defense of limitations as a matter of law.

Chacon's second issue is overruled.[10]

## V. CONCLUSION

We affirm the district court's summary judgment in favor of Andrews Distributing. Additionally, we reverse the summary judgment in favor of Wal-Mart and remand for further proceedings.

---

ROGELIO VALDEZ
Chief Justice

Concurring and Dissenting Opinion
by Justice Linda Reyna Yañez.

Opinion delivered and filed on
this the 13th day of August, 2009.

---

[10] Before the district court granted summary judgment, Wal-Mart filed a motion for leave to designate Andrews Distributing as a responsible third party. *See* TEX. CIV. PRAC. & REM. CODE ANN.§ 33.004. The propriety of Wal-Mart's motion was not at issue in this case and we express no view on it.

18