ACCEPTED
03-17-00483-CV
21751755
THIRD COURT OF APPEALS
AUSTIN, TEXAS
1/10/2018 8:49 PM
JEFFREY D. KYLE
CLERK

No. 03-17-00483-CV

IN THE THIRD COURT OF APPEALS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
1/10/2018 8:49:07 PM
JEFFREY D. KYLE
Clerk

INTEGRITY Global Security, LLC and Green Hills Software, Inc.,

*Appellants,*

v.

Dell Marketing L.P., Dell Federal Systems, L.P., and Dell Products, L.P.,

*Appellees.*

On Appeal from the 345th Judicial District Court, Travis County, Texas
Trial Court Cause No. D-1-GN-16-000345

## APPELLANTS' REPLY BRIEF

Dale Wainwright
State Bar No. 00000049
wainwrightd@gtlaw.com
Alan W. Hersh
State Bar No. 24080944
hersha@gtlaw.com
GREENBERG TRAURIG, LLP
300 West 6th Street, Suite 2050
Austin, Texas 78701
Telephone: (512) 320-7200
Facsimile: (512) 320-7210

Frank E. Merideth, Jr.
[*Pro Hac Vice*]
meridethf@gtlaw.com
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone: (310) 586-7825
Facsimile: (310) 586-0275

**COUNSEL FOR APPELLANTS INTEGRITY GLOBAL SECURITY, LLC AND
GREEN HILLS SOFTWARE, INC.**

## ORAL ARGUMENT REQUESTED

# TABLE OF CONTENTS

**Page**

INDEX OF AUTHORITIES................................................................................iv

INTRODUCTION ..........................................................................................1

RESPONSE TO STATEMENT OF FACTS ...........................................................2

ARGUMENT ...............................................................................................6

I.      Dell's Statement of Issues does not Address Matters that are the Important Issues in this Case. ...................................................................7

II.      Dell's Summary of the Argument Presents Dell's Spin on Appeal Issues.........................................................................................................8

III.      Dell's Statement of the Standard of Review for Summary Judgment is Incomplete in Material Respects. ................................................................8

IV.      Appellees' Brief Fails to Address IGS' Evidentiary Objections....................9

V.      Dell Completely Ignores IGS' Summary Judgment Evidence........................9

VI.      Sections 4 and 5 of the Third Amendment are part of an Integrated Agreement and Address the Same Subject Matter. .......................................10

VII.      Dell's Shifting Statute of Limitations Analysis is Flawed. ...........................12

VIII.      Business and Commerce Code Section 271.001 is Inapposite and Does Not Support Dell's Argument that Delaware Law Applies to the Statute of Limitations. ...................................................................................16

IX.      Dell's Argument Regarding Texas Civil Procedure and Remedy Code § 16.064 is Wrong..................................................................................17

X.      Dell's Analysis on the Accrual Statute of Limitations is Incorrect...............25

XI.      The Court Should Have Addressed the Motion to Amend on its Merits.........................................................................................................26

XII.      Dell's Argument on the Motion to Amend Erroneously Assumes the Trial Court Ruled on IGS' Motion to Amend. ............................................29

XIII.  The Trial Court Should Have Granted IGS' Motion for New Trial...............31

CONCLUSION ......................................................................................................31

CERTIFICATE OF COMPLIANCE.......................................................................32

CERTIFICATE OF SERVICE ...............................................................................32

# INDEX OF AUTHORITIES

**Page(s)**

**Cases**

*Austin v. Countrywide Home Loans*,
  261 S.W.3d 68 (Tex. App.—Houston [1st Dist.] 1995, pet. denied) .................30

*Bagwell v. Ridge at Alta Vista Invs. 1, LLC*,
  440 S.W.3d 287 (Tex. App.—Dallas 2014, pet. denied)............................28, 29

*Crandal Med. Consulting Servs. v. Harrell*,
  No 03-07-00689-CV, 2009 WL 280658 (Tex. App—Austin Feb. 5,
  2009, pet. denied).........................................................................................9, 24

*Healthronics, Inc. v. Lisa Laser USA, Inc.*,
  382 S.W.3d 567 (Tex. App.—Austin 2012, no pet.).........................................12

*Hill v. Milani*,
  678 S.W.2d 203 (Tex. App.—Austin 1984)......................................................30

*Hussong v. Schwan's Sales Enters.*,
  896 S.W.2d 320 (Tex. App—Houston [1st Dist.] 1995, no writ) .....................30

*Lubbock Cty., Tex. v. Trammel's Lubbock Bail Bonds*,
  80 S.W.3d 580 (Tex. 2002)...............................................................................25

*Monsanto Co. v. Boustany*,
  73 S.W.3d 229 (Tex. 2002)...............................................................................14

*Sandt v. Energy Maint. Servs. Grp. I, LLC*,
  __ S.W.3d __, 2017 WL 31884747 (Tex. App.—Houston [14th
  Dist.] 2017, no pet.) ........................................................................................13

*Swilley v. McCain*,
  374 S.W.2d 871 (Tex. 1964) .............................................................................14

*In re United Servs. Auto. Ass'n*,
  307 S.W.3d 299 (Tex. 2010) .........................................................18, 19, 20, 21

*Valance Operating Co. v. Dorsette*,
  164 S.W.3d 656 (Tex. 2004) .............................................................................20

*Waffle House v. Williams*,
   313 S.W.3d 796 (Tex. 2010) ...........................................................................31

*Western-Southern Life Assurance Co. v. Kaleh*,
   193 F. Supp. 3d 756 (S.D. Tex. 2016)........................................................13, 17

*Williamson v. John Deere Co.*,
   708 S.W.2d 38 (Tex. App.—Tyler 1986, no writ) .......................................24, 25

*Ziegler v. Bank of Am. Nat'l Trust & Savings Ass'n*,
   182 F.3d 913 (5th Cir. 1999) ...........................................................................13

**Statutes**

Tex. Bus. & Com. Code § 271.001...........................................................................16

Tex. Bus. & Com. Code § 271.004...........................................................................16

Tex. Bus. & Com. Code § 271.005(a)(1)...................................................................16

Tex. Civ. Prac. & Rem. Code § 16.064 ............................................................*passim*

Tex. Loc. Gov't. Code § 89.004(a)...........................................................................25

**Other Authorities**

Restatement (Second) of Conflicts of Law, § 142....................................2, 7, 14, 15

Restatement (Second) of Conflicts of Law, § 187.............................................2, 13

Restatement (Second) of Conflicts of Law, § 6.........................................................14

Tex. R. Civ. P. 63...................................................................................................28

Tex. R. Civ. P. 166a.................................................................................................9

Tex. R. Civ. P. 166a(c) ..........................................................................................28

Tex. R. Civ. P. 324(b)(1) .......................................................................................31

Appellants INTEGRITY Global Security, LLC and Green Hills Software, Inc. (collectively "IGS") reply to Appellees Dell Marketing L.P., Dell Federal Systems L.P. and Dell Products L.P.'s (collectively "Dell") Appellees' Brief ("Appellees' Brief").

## INTRODUCTION

IGS' Opening Brief demonstrated that the Trial Court (i) failed to consider and rule on IGS' evidentiary objections to Dell's Summary Judgment Evidence; (ii) based its Summary Judgment Order on inadmissible evidence; (iii) failed to consider IGS' Summary Judgment Evidence which identified disputed issues of material fact; (iv) erroneously decided the statute of limitations and breach of contract issues; (v) failed to consider IGS' Motions to Amend and Stay; and (vi) erred in denying IGS' Motion for a new trial. As shown by this Reply, Dell's Appellees' Brief fails to address issues (i)-(iii) and is wrong on the facts and law with regard to issues (iv)-(vi).

Dell's restated Facts and its Summary of the Argument are replete with inadmissible parol evidence; unsupported characterizations; and argument about the parties' unstated purposes, intentions, and expectations regarding the parties' Agreements, and should not be considered on appeal.

Dell's Argument, in addition to relying on inadmissible evidence and characterized "facts," ignores or glosses over troublesome issues like IGS'

Objections and Motion to Strike to Dell's inadmissible Summary Judgment Evidence, IGS' Disputed Issues of Fact and the Trial Court's "rush to judgment" urged by Dell to emasculate IGS' right to amend its Petition.

Furthermore, Dell shifts its choice of law analysis from its position in the Trial Court, walking back its prior contention that the parties agreed that Delaware's statute of limitations would apply, and instead relies on the Restatement (Second) of Conflicts of Law, § 187's "states' interest analysis." However, the Texas Supreme Court has expressly declined to adopt the Restatement (Second) of Conflicts of Law, § 142 regarding the statute of limitations, and overwhelming precedent establishes that for suits filed in Texas, Texas's statute of limitations apply, regardless of the parties' choice-of-law provisions.

Finally, Dell's Argument gives only lip service to the legal standards for appellate review of summary judgment, the amendment of pleadings and motions for new trial all of which are critical to this appeal.

These flaws in Dell's factual and legal analysis are addressed below.

## RESPONSE TO STATEMENT OF FACTS

Dell's Statement of Facts mischaracterizes the operative Agreements, relies on inadmissible parol evidence, and makes assumptions and assertions that are not

2

supported by admissible evidence. IGS timely objected in the Trial Court to the use of such inadmissible evidence and objects to its use in Appellees' Brief.

Specifically, Dell argues in its Statement of Facts:

1. "The parties' purpose in entering into the Original Agreement was to market the DISCC solution to government agencies operating in Top Secret Environments, which would require Top Secret certification." Appellees' Brief p. 1 ¶ 2 (emphasis added). The parties' purpose in entering into the Agreements is parol evidence. Further, it is not a "fact" that is stated in any of the parties' Agreements and it is not supported by any citation to the record. Finally, it is undisputed that the Original Agreement was superseded and was of no force or effect.

2. "Because DISCC had not received Top Secret Certification, Dell had sold no licenses by June 2010, leaving Dell with a $10 million inventory of prepaid licenses." Appellees' Brief p. 2 ¶ 1. The sale of licenses by Dell was never a requirement in any of the Agreements. Under the terms of the Original Agreement, Top Secret Certification was not expected until August 2010. Dell being "left with $10 million of inventory" in June 2010 is a pejorative statement which is a prelude to Dell's argument and groundless excuse for stopping payments to IGS because Dell never received a "return on its investment."

3.　"Like with the Original Agreement, <u>the purpose</u> of the Restated Agreement was to sell DISCC to government agencies operating in Top Secret environments." Appellees' Brief p. 2 ¶ 1 (emphasis added). That "purpose" is not stated anywhere in the Original or Restated Agreements. Dell's statement of the parties' "purpose" in entering into the Agreements is parol evidence. In fact, the third "WHEREAS" clause of the Restated Agreement recites the purpose:

> WHEREAS, on May 12, 2009, IGS and Dell executed a Global Alliance Agreement ("Original Agreement") establishing an alliance ("Alliance") to jointly innovate and cooperate in the development and marketing of superior security products and services targeted at governmental and general purpose enterprise computing, servers, thin clients and workstations through both the installation of INTEGRITY PC and INTEGRITY CSE (as defined below) through Dell's Custom Factory Integration process.

(CR 434).

4.　"The MLC payment schedule under the Restated Agreement was revised . . . . to allow time for the generation of post-Top Secret certification sales and revenues to offset the higher MLC payments due later." Appellees' Brief p. 3 ¶ 1. This reason for the revision of Table 2 is not reflected in the Restated Agreement or the Third Amendment, and is inadmissible parol evidence.

5.　"By January Top Secret Certification still had not occurred, and the parties entered into an Amendment Three . . . ." Appellees' Brief p. 3 ¶ 1. This parol evidence does not appear in the Third Amendment, and it unfairly characterizes the situation at the end of 2010 that required the Third Amendment,

4

specifically the parties' need to replace AFRL with NASIC as a DISCC sponsor, the software upgrade requirements of NASIC and the introduction by Dell of new versions of Optiplex 980 and 990 computers.

6. "It [the Restated Agreement] provided that upon any such termination 'Dell's MLC shall terminate.'" Appellees' Brief p. 3. This repeated assertion regarding Dell's disputed view of its obligation to pay $6 million required by the Third Amendment is incomplete and incorrect under the express terms of both the Restated Agreement and the Third Amendment. To be accurate, this assertion must reference the language of Section 11.12 of the Restated Agreement which states: Dell's "obligation to pay amounts due hereunder shall survive expiration or termination of this Agreement and shall continue in full force and effect." (CR 452).

7. The Third Amendment also "created an <u>additional MLC payment</u>" and a "<u>new payment</u>." Appellees' Brief p. 3 (emphasis added). These are Dell's characterizations of the Third Amendment, which are not supported by the plain language of the agreements.

8. "The parties' agreement [lower case in original] continued to provide that upon termination 'Dell's MLC shall terminate.'" Appellees' Brief p. 3. This paraphrase is misleading because it omits reference to Section 11.12 of the Restated Agreement. (CR 452).

5

9. "By this point [August 2011], Dell had paid IGS approximately $18 million in MLC payments without seeing any return on its investment." Appellees' Brief p. 4. None of the parties' Agreements refer to or mention Dell "seeing any return on its investment" let alone condition MLC payments on such a return. None of the Agreements provide that Dell can suspend or terminate the Agreements if it failed to see any return on its investment.

10. "On August 10, 2011, Dell sent IGS a suspension-of-payment letter." Appellees' Brief p. 4. There is no provision in the Agreements for a "suspension-of-payment letter" or any other procedure to suspend or terminate the Agreements before the end of the On-Hold Time Frame for any reason.

11. "By the end of October 2011, Top Secret certification still had not been obtained by IGS." Appellees' Brief p. 4 (emphasis added). Neither the Restated Agreement nor the Third Amendment require IGS to obtain Top Secret certification. This statement is parol evidence. Appellees' Brief p. 4.

## ARGUMENT

As evident from Dell's Response, the bases for which it sought summary judgment are grounded largely in Dell's self-serving recollection of the parties' intent, rather than the plain language of the contract itself. Furthermore, given that Dell has effectively conceded there is a material issue of fact regarding its right to suspend its contractual payments, Dell's sole basis for affirming summary

6

judgment as to those payments is a statute of limitations issues. In order to support that position, Dell asks this Court to ignore well-established precedent that Texas law governs the applicable statute of limitations, and instead apply § 142 of the Restatement (Second) of Conflicts of Law. Similarly, Dell asserts that IGS was required to review all of the Dell entity's various tax filings in the off-chance that such filings might contravene the apparent complete diversity between the parties. Such argument finds no support in case law, and turns a presumption of equitable tolling under section 16.064 of the Texas Civil Practice & Remedies Code on its head.

## I. Dell's Statement of Issues does not Address Matters that are the Important Issues in this Case.

Subsections a.-c. of Dell's, Issue 1 (Appellees' Brief p. ix) are based on Dell's rank speculation regarding what the Trial Court's reasons may have been for granting summary judgment. In fact, no reasons for the Trial Court's decision were stated in the Order.

Issue 2 is based on speculation since the Trial Court's Order is on "all grounds" and does not carve out the "isolated arguments" Dell withdrew. Appellees' Brief p. ix.

Regarding Issue 3, Dell erroneously states the issue to be whether the Trial Court abused its discretion by not granting the Motion to Amend. Appellees' Brief p. ix. In fact, the Trial Court, at Dell's urging, believed it could avoid ruling on the

7

Motion to Amend by rushing to sign the order less than a week before the scheduled hearing on the Motion to Amend.

Issue 4 is flawed because its premise, that Muehleman's testimony was cumulative (Appellees' Brief ix), is false. Muehleman's testimony (that the Parties' Agreements were terminated) conflicted directly with Peterson's testimony (that the Parties' Agreements merely were suspended).

In contrast to Dell's recast issues, the IGS Issues Presented fairly presents the key issues to be decided in this case. Appellants' Brief, p. xiv.

## II.    Dell's Summary of the Argument Presents Dell's Spin on Appeal Issues.

Dell's Summary of the Argument relies heavily on the inadmissible evidence recited in the Statement of Facts and is not substantiated by a single reference to the record. The alleged "facts" Dell relies on in its Summary of the Argument are loaded and the conclusions are unwarranted.

## III.    Dell's Statement of the Standard of Review for Summary Judgment is Incomplete in Material Respects.

Dell agrees that review of a summary judgment is *de novo.* Appellees' Brief p. 14. However, Dell does not reference or address the basic principles for such review of Summary Judgment as set forth in IGS' Opening Brief:

1.    The Summary Judgment Evidence considered by the Trial Court must be admissible evidence;

2.    The Reviewing Court must take evidence favorable to the non-movant to be true;

8

3. The Reviewing Court must indulge in every favorable inference in favor of the non-movant;

4. The Reviewing Court must resolve any doubts in favor of the non-movant;

5. The movant must demonstrate there are no genuine issues of material fact; and

6. The movant must show it is entitled to judgment as a matter of law. *See* Tex. R. Civ. P. Rule 166a; *Crandal Med. Consulting Servs. v. Harrell*, No 03-07-00689-CV, 2009 WL 280658, at *3 (Tex. App— Austin Feb. 5, 2009, pet. denied) (collecting cases).

Appellants' Brief pp. 18-20.

## IV. <u>Appellees' Brief Fails to Address IGS' Evidentiary Objections.</u>

IGS' Opening Brief points out that IGS timely objected and moved to strike Dell's inadmissible summary judgment evidence. Appellants' Brief pp. 23-38.

Dell attempts to duck this key point by arguing that it withdrew "isolated arguments in its motion for summary judgment, thereby [making] the evidence supporting those arguments irrelevant and immaterial to the motion. . . ." Appellees' Brief pp. ix 2, 44-45. But, in fact, as demonstrated in IGS' Response to Statement of Facts, paragraphs 1-11, and throughout the Argument in this Reply, Dell is still trotting out the same inadmissible evidence in support of the Argument in the Appellee's Brief.

## V. <u>Dell Completely Ignores IGS' Summary Judgment Evidence.</u>

IGS' Opening Brief lists eighteen Disputed Issues of Fact that are supported by admissible Summary Judgment Evidence. Appellants' Brief pp. 29-38. The

9

Trial Court ignored those Disputed Issues of Fact, and so does Appellees' Brief. Admissible conflicting evidence must be considered as summary judgment evidence and cannot be summarily dispatched by the characterizations offered by Dell that such evidence consists of "cryptic statements" or "gross misreadings" of the evidence. *Id.*

## VI. Sections 4 and 5 of the Third Amendment are part of an Integrated Agreement and Address the Same Subject Matter.

Dell argued on summary judgment that the provisions of the Third Amendment are <u>ambiguous</u> as to whether Dell was required to make the $1.75 million and $1.25 million payment to IGS, but regarding the payment of the $6 million to IGS, the contract is <u>unambiguous</u>. Rather than citing to any specific contract language, Dell merely characterizes the $6 million payment as a "new MLC payment." In fact, all three payments totaling $9 million are part of the total $11,250,000 of MLC payments that Dell was already obligated to pay to IGS under the terms of the Restated Agreement, and are the same amounts Dell is obligated to pay under the inter-related provisions of Sections 4 and 5 of the Third Amendment. (CR 439, 461).

None of the provisions in Sections 4 and 5 are ambiguous, and neither paragraph creates a "new MLC payment." Both sections describe precisely Dell's obligation to pay IGS $11,250,000 of MLC payments due during the On-Hold Time Frame pursuant to paragraph 2.2.3 of the Restated Agreement for Periods 3,

10

4 and 5 (January 29, 2011 through October 28, 2011). (CR 461). These payment obligations under Section 11.12 of the Restated Agreement survive termination. (CR 452). With regard to Dell's promised payments, IGS was required to continue to grant Dell Top Secret Exclusivity through November 30, 2011 and make the deliverables described in paragraph 3 of the Third Amendment. Dell now admits: "[t]he Restated Agreement Amendment Three expressly required IGS to deliver the third deliverable and grant Top Secret Exclusivity to sell during the On-Hold Time Frame." Appellees' Brief p. 20. It is undisputed that the deliverables were made on time and accepted by Dell and that IGS granted Dell Top Secret Exclusivity though November 30, 2011.

Whether the Agreements were terminated in August 2011, as testified by Muehleman,[1] or suspended in August as claimed by Peterson, the point is Dell stopped paying IGS in August 2011, which was a material breach that entitled IGS to terminate or suspend performance during the On-Hold Time Frame. (CR 462); *see also* Dell's Letter Suspending Payments (CR 499-500). Based on Dell's promises, IGS continued to perform. If the Restated Agreement and Third Amendment were terminated, as Muehleman testified, then there was nothing to terminate on November 30, 2011. If the Agreements were suspended, as Peterson

---

[1] Dell claims IGS' position is based on a "gross misreading," of Muehleman's testimony. IGS quoted Muehleman's testimony verbatim in its Motion to Amend, its Motion for New Trial and Appellants' Brief and attached copies of the relevant transcript. (CR 668-71, 791-805).

testified, then IGS contends that Dell was equitably estopped to terminate without cause for the reasons set forth in the Opening Brief.

Under Restated Agreement Section 2.2.3, the MLC payment for each period is specified in Table 2. (CR 440). Sections 4 and 5 of the Third Amendment change this procedure with respect to the $3,750,000 per quarter MLC payments during the On-Hold Time Frame. (CR 834).

Recognizing that none of the Delaware substantive law it cites change the terms of the Restated Agreement or the Third Amendment, Dell attempts to side-step Section 11.12 of the Restated Agreement by mischaracterizing Section 5 of the Third Amendment regarding the $6 million Dell obligation as creating a "new MLC." As shown by the Opening Brief, there is no basis for such a mischaracterization. The $6 million obligation survives termination of the Restated Agreement as provided in Section 11.12 and was an obligation of Dell due under the Agreements.

## VII.  Dell's Shifting Statute of Limitations Analysis is Flawed.

As this Court has repeatedly stated, where the parties' contract contains a choice-of-law provision, the court will apply that state's law to substantive issues, "and Texas law to procedural questions." *Healthronics, Inc. v. Lisa Laser USA, Inc.*, 382 S.W.3d 567, 577 (Tex. App.—Austin 2012, no pet.) (collecting cases). Furthermore, because statute of limitations are a question of "remedy and

procedure," rather than substantive law, Texas courts and federal courts applying Texas law have repeatedly recognized that Texas's statute of limitations applies to Texas lawsuits, regardless of the parties' choice-of-law contract provision. *See Sandt v. Energy Maint. Servs. Grp. I, LLC*, __ S.W.3d __, 2017 WL 31884747, at *7 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (noting statute of limitations is "procedural in nature"); *Western-Southern Life Assurance Co. v. Kaleh*, 193 F. Supp. 3d 756, 770–71 (S.D. Tex. 2016) (expressly applying Texas statute of limitations over choice-of-law provision); *Ziegler v. Bank of Am. Nat'l Trust & Savings Ass'n*, 182 F.3d 913, 914 (5th Cir. 1999).

Dell attempts to sidestep this precedent by grossly overstating that "[t]he parties made it clear that they intended for Delaware law to apply broadly to matters relating to their agreement and that any general choice of law rule that may require the application of the laws of another jurisdiction should not be given effect." Appellees' Brief p. 27. The parties did not make this "clear" in any of their Agreements. This is, at best, parol evidence. Section 11.2 expresses no such intent and is expressly limited by its terms to the "validity, construction, scope and performance of the Agreement . . . ." (CR 451).

In the Trial Court, Dell relied on § 187 of the Restatement (Second) of Conflict of Law, contending the parties agreed Delaware law applied to both substantive and procedural matters, including the statute of limitations. (CR 610).

13

No such "agreement" is reflected in any of the parties' Agreements and is parol evidence. In Section 11.2, the parties designated specifically what provisions of Delaware law applied—and did not include the statute of limitations. (CR 451). Dell never acknowledged Sections 6 and 142 of the Restatement existed, let alone applied in this case. However, Appellees' Brief immediately shifts to a Restatement (Second) Conflict of Law "interest analysis." Specifically, Dell cites Sections 6 and 142. In doing so, Dell admits Texas law does not recognize such an analysis.

Section 142 of the Restatement specifically applies to statutes of limitations. But Section 142 has not been accepted by the Texas Supreme Court, as Dell concedes. *Monsanto Co. v. Boustany,* 73 S.W.3d 229, 233 (Tex. 2002) (declining to adopt the Restatement (Second) of Conflicts of Law). While Dell expresses hope that the Texas Supreme Court will adopt the § 142 in the future, since it has not done so, this Court is bound by the doctrine of *stare decisis* to follow existing Texas law. Generally, the doctrine of *stare decisis* dictates that once the Supreme Court announces a proposition of law, "the decision is accepted as binding precedent." *Swilley v. McCain,* 374 S.W.2d 871, 875 (Tex. 1964).

Section 6 of the Restatement addresses general choice of law principals. Section 142 addresses the statute of limitations. It provides:

> Whether a claim will be maintained against the defense of the statute of limitations is determined under the principals stated in § 6. <u>In</u>

14

general, unless the exceptional circumstances of the case make such a result unreasonable:

> (1)    The forum will apply its own statute of limitations barring the claim.
>
> (2)    The forum will apply its own statute of limitations permitting the claim unless:
>
> > a.    Maintenance of the claim would serve no substantial interest of the forum; and
> >
> > b.    The claim would be barred under the statute of limitations of a state having a more significant relationship to the parties and the occurrence.

Restatement (Second) of Choice of Law, § 142 (emphasis added).

Section 142(2) requires the forum to apply its own statute of limitations unless the exceptional circumstances of (a) and (b) are shown. Assuming *arguendo* that Section 142 applies, Dell failed to offer any evidence or argument regarding the "state interests" to be evaluated by the Trial Court, and does not argue "exceptional circumstances" exist in this case in Appellees' Brief.

Section 11.2 of the Restated Agreement requires that any action by IGS against Dell must be filed in federal or state court, Austin, Texas, Dell's principal place of business. Obviously, Texas has a substantial interest in the resolution of disputes of businesses in Texas and parties doing business here. Between Texas and Delaware, Texas is the state with the most significant relationship to the occurrence and the parties in the action, including: (i) the mandatory venue for actions initiated by IGS is Texas; (ii) the Defendants are Texas limited partnerships

with their principal places of business and headquarters in Texas; (iii) the contract negotiations were conducted in Texas; (iv) both Dell and IGS employ Texas residents who were involved in DISCC; (v) the deliverables were to be made in Texas; and (vi) the integration of DISCC into Dell Optiplex computers was to occur in Texas.

In contrast, (i) the parties' Agreements prohibit contract litigation in Delaware; (ii) neither IGS nor Dell are headquartered in Delaware nor, to IGS' knowledge, have offices, facilities or employees in Delaware; (iii) Delaware had no connection with the negotiation or performance of the Agreements or the dispute of the parties; and (iv) Delaware had nothing to do with DISCC. None of the relevant "factors" demonstrate any exceptional circumstances that might favor application of the Delaware statute of limitations over established Texas law, assuming *arguendo* an "interests analysis" is required.

## VIII. Business and Commerce Code Section 271.001 is Inapposite and Does Not Support Dell's Argument that Delaware Law Applies to the Statute of Limitations.

Dell's reliance on Texas Business and Commerce Code § 271.001 *et seq.* is unavailing because there is no "reasonable relationship" between the transaction at issue and Delaware as required by § 271.004. Further, § 271.005(a)(1) applies to an agreement of the parties for application of the law or a jurisdiction specific issue in a qualified transaction <u>and</u> the transaction must bear a reasonable relationship to

that jurisdiction.  There is no reasonable relationship between IGS and Dell Agreements and Delaware.  But most importantly here, the parties' agreed in Section 11.2 that Delaware law would apply only to issues related to "validity, construction and performance" of the agreement, not to issues of remedy and procedure.  Specifically, there was no agreement that Delaware procedural law or the Delaware statute of limitations would apply.  (CR 451).  Therefore, the plain language of the parties' contract does not support abandoning clear precedent that Texas's statute of limitations should apply, regardless of the existence of a choice-of-law provision.  *Western-Southern Life Assurance Co.*, 193 F. Supp. 3d at 770–71 (expressly applying Texas statute of limitations over choice-of-law provision).

## IX.  Dell's Argument Regarding Texas Civil Procedure and Remedy Code § 16.064 is Wrong.

Texas Civil Practice and Remedies Code § 16.064, which tolls the statute of limitations for 60 days after a dismissal based on lack of jurisdiction, applies unless there are facts showing the original filing was made with intentional disregard of proper jurisdiction.[2]  The only "evidence" Dell cites as establishing

---

[2]    Dell did not offer any evidence showing IGS' intentional disregard of jurisdiction. Certainly filing in one of the Texas federal or state jurisdictions required by the parties' Agreement is not intentional disregard.  Dell did not file the moving or opposing declarations or documents filed with the U.S. District Court and exhibits filed by the parties on which the federal court reached its conclusion.  In the motion for summary judgment, Dell argued IGS acted "intentionally or negligently" in making its originally filing in federal court.  (CR 85)  Dell also argued that IGS "could easily have known the ownership structure of the Dell entities. . . ."  But, IGS contended that there were internal inconsistencies that made the Secretary of State's information unclear.  It did not know the details of the complex ownership chain of the Dell

17

intentional disregard is the IGS' federal complaint (CR 140-54) and the U.S. District Court's Order. (CR 156-60). The Order does not make any factual findings other than its ultimate determination of the citizenship of the defendants for federal diversity jurisdiction. Specifically, there is no finding in the U. S. District Court was made as to the motive, intention or purpose of IGS in making the filing in Federal Court. The Order demonstrates that there was a good faith dispute between the parties as to the citizenship of "parent entities" of Dell for purposes of diversity jurisdiction.

As the Texas Supreme Court has recognized, "section 16.064 was drafted precisely because 'capable lawyers' often make 'good faith' mistakes about the jurisdiction of Texas courts." *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 313 (Tex. 2010) (internal citations omitted). For this reason, the Court specifically rejected the argument—now raised by Dell—that a legal mistake regarding a trial court's jurisdiction "would never satisfy the requirement" for tolling under this equitable statute. *Id.* (noting that standard for intentional disregard "is similar to that required to set aside a default judgment"). The Court went on to explain that "the tolling statute protects plaintiffs who mistakenly file suit in a forum that lacks

---

entities until the Stidvent Declaration was signed and filed by Dell in the U.S. District Court. (CR 158-159, 86). Dell filed no evidence showing IGS knew the Dell limited partnerships and general partners were owned by another limited liability company which were owned by Dell Delaware limited liability companies and Dell corporations. This was a convoluted ownership structure which was not apparent without the Stidvent evidence. (CR 159).

18

jurisdiction, it does not apply to a strategic decision to seek relief from such a court." *Id.* Thus, the intentional disregard standard is implicated when a lawyer knows or has clear reason to know that a trial court lacks jurisdiction, but chooses to file suit in that court anyway for strategic advantage.

The jurisdiction and venue provisions of ¶ 11.2 of the Restated Agreement require an action "[i]f filed first by IGS, [be] brought in the Texas State or Federal Court in Travis County. . . ." (CR 461). It can be inferred from this provision that both Dell and IGS had a good faith belief that jurisdiction was proper in the U.S. District Court for the Western District of Texas Austin Division. IGS contends it relied on that good faith belief in filing the federal action. However, the Federal Court ruled that IGS "conflate[d] two different concepts," and ruled that the parties could not consent to federal jurisdiction, but rather, diversity of citizenship must be determined at the time that the suit was filed. Order p. 4, n.1 (CR 159).

Dell's Appellees' Brief argues: "Dell argued and offered unrebutted summary judgment evidence that IGS intentionally disregarded proper jurisdiction with that federal filing, thereby precluding reliance on it to toll the statute of limitations." Appellees' Brief, p. 12. However, no such Summary Judgment Evidence is cited by Dell. And, in fact, no evidence was offered by Dell in the federal court showing IGS intentionally disregarded proper jurisdiction. The description of the Parties in the federal complaint is virtually identical to the

19

description of the parties in the Restated Agreement. (CR 343). No logical conclusion of intentional disregard can be reached by considering that alleged pleading error. Further, when reviewing a summary judgment, the reviewing court must take all evidence favorable to the non-movant to be true, indulge in every favorable inference and resolve all doubts in the non-movant's favor. *Valance Operating Co. v. Dorsette*, 164 S.W.3d 656, 661 (Tex. 2004).

The Appellees' Brief relies on *In re United Services Automobile Association*, 307 S.W.3d 299 (Tex. 2010). In that case, the plaintiff filed an employment discrimination action against his employer in Bexar County Court. The County Court's jurisdiction was limited to cases with damages of more than $500 but not more than $100,000. The employee's complaint alleged damages exceeding $500 but did not allege that the damages were less than $100,000. The employer, believing the case involved far more than $100,000, moved twice to dismiss the action, claiming the alleged damages exceed the jurisdictional limit. In response to each motion, the plaintiff denied his damages exceeded the jurisdictional limit of the court. The case was tried and a verdict for more than $800,000 (not including punitive damages and attorneys' fees) was returned in favor of plaintiff. The Supreme Court reversed the judgment and dismissed the action because the damages exceeded the jurisdictional limit of the county court.

Within 60 days the plaintiff refiled in the Bexar County District Court. The employer moved for summary judgment based on the two-year statute of limitations. The parties disagreed about the proper standard of care for "intentional disregard." The plaintiff, who never contended that he was confused or was unaware of the jurisdictional limit of the county court, argued that Section 16.064 applied and intentional disregard was a factual issue for the jury to decide. The employer contended it was a legal issue which could be decided on summary judgment.

The Supreme Court held that the employer was required "to show in abatement that the first filing was made with intentional disregard of proper jurisdiction." *Id*. at 312. Then "the non-movant must show that he did not intentionally disregard proper jurisdiction when filing the case." The Court held that "while the tolling statute [Section 16.064] protects plaintiffs who mistakenly file in a forum that lacks jurisdiction, it does not apply to a strategic decision to seek relief from such a court—which is what happened here." *Id.* at 313.

Dell posits merely legal conclusions, with no factual support, that it claims show IGS "intentionally or negligently" filed in the wrong Court. (CR 86). Dell concludes in Appellees' Brief that IGS made a "strategic decision" to seek relief from a court that did not have jurisdiction. These conclusions are not true.

The relevant facts are:

21

1.     The Restated Agreement recites that the Dell parties are Texas limited partnerships and that GHS and IGS are Delaware entities.  (CR 434).

2.     Paragraph 11.2 of the Restated Agreement requires that if Dell files suit against IGS it must file in the U.S. District Court for the Central District of California or the Superior Court for Santa Barbara County.  If IGS files an action against Dell, it must file either in the U.S. District Court in Austin or in the District Court for Travis County.  (CR 461).

3.     From these provisions, it can be inferred that the parties believed that there was diversity of citizenship between Dell and IGS regarding disputes arising under their agreements. If they did not share that belief, they would not have mandated actions be filed in the federal courts in their principal places of business because complete diversity would be the only basis for federal jurisdiction.

4.     The U.S. District Court order confirms that the parties filed opposing memoranda and declarations supported by documentary evidence regarding their opposing positions on diversity of citizenship.  (CR 157-59).  Dell did not file copies of those pleadings as Summary Judgment evidence.  It can be inferred from this failure that the declarations and documents do not corroborate Dell's "strategic decision" claim.

5.     Although the U.S. District Court ruled there was no diversity, it made no factual or legal findings regarding either parties' intentions or motivations. No

22

inference can be drawn from the ruling that IGS filed in the U.S. District Court based on a strategic decision.

6.     Dell did not allege "intentional disregard of jurisdiction" as an affirmative defense in its Original or Amended Answer (CR 59) or in its Response to Request for Disclosures (CR 921-31), *i.e.* a claim in abatement.

7.     The Appellees' Brief concedes that "[w]hile § 16.064 does suspend the running of the statute of limitations between 'the date of filing an action in a trial court and the date of a second filing of the same action in a different court under certain circumstances, it does not apply if the first filing was made with intentional disregard of proper jurisdiction.'" Appellees' Brief p. 37. Dell fails to provide any evidence of intentional disregard, identify any of the "certain circumstances," or link them to the facts of this case. There is no "certain circumstances" limitation to section 16.064.

8.     The Restated Agreement and the U.S. District Court order demonstrate that the parties were aware of the diversity of citizenship requirement for federal jurisdiction, but, not being privy to the information contained in the Stidvant Declaration on which the U.S. District Court relied, were mistaken as to the citizenship of the ultimate owners of the Dell parties. (CR 158-59). Without Stidvant's Declaration—which was the Rosetta Stone to understanding the multi-

23

layered, highlight complex Dell ownership structure—IGS had no clear path to determining the citizenship of the ultimate owners' of the Dell entities pre suit.[3]

9.      Dell offered no evidence that IGS knew of the ownership information in the Stidvant Declaration before the Declaration was filed.

10.      Dell made no effort to show through any facts or declarations that IGS made a "strategic decision" to file in federal court knowing that court lacked jurisdiction.

This is not the first instance in which a plaintiff unintentionally filed in federal court, despite evidence that the plaintiff was mistaken as to complete diversity of the parties.  In *Williamson v. John Deere Co.*, 708 S.W.2d 38, 38-39 (Tex. App.—Tyler 1986, no writ) the plaintiff filed a wrongful death action in the U.S. District Court based on diversity jurisdiction, but alleged specifically that the plaintiff was a Texas resident and one of the defendants was a Texas corporation.

The question on appeal was whether these facts demonstrated an intentional disregard of jurisdiction as a matter of law.  The Court held:

> The case is one of first impression. The phrase "intentional disregard of jurisdiction" is not defined in the statutes nor in our case law. The only guidance that we have comes from *Burford v. Sun Oil Co.*, 186 S.W.2d 306, 310 (Tex. Civ. App.—Austin 1944, writ ref'd w.o.m.), which states that art. 5539a is to be liberally construed to give relief

---

[3]      Given that Dell failed to include this Stidvant Declaration within its summary judgment motion—relying instead on a bald legal conclusion about its contents—the Court should view Dell's representations with suspicion. *Crandall Med. Consulting Servs.*, 2009 WL 280658, at *3 (noting that every reasonable inference is drawn in favor of nonmovant).

from the bar of limitation to one who has "mistakenly but in good faith" brought action in the wrong court.

The burden is on Austin and Deere to show that Williamson's filing in federal court was in "intentional disregard of jurisdiction." We hold that the affidavits filed by Williamson raise a genuine issue of fact as to whether or not Williamson, in filing her initial action in the United States District Court, did so as a result of a good faith mistake or in intentional disregard of jurisdiction, and that Deere and Austin have failed to establish as a matter of law that Williamson's action was in "intentional disregard of jurisdiction."

708 S.W.2d at 40. Likewise, Dell has failed here to show that IGS' honest and understandable mistake regarding the diversity of citizenship among the parties constitutes *intentional* disregard of the federal court's jurisdiction.

## X.   Dell's Analysis on the Accrual Statute of Limitations is Incorrect.

*Lubbock County, Texas v. Trammel's Lubbock Bail Bonds*, 80 S.W.3d 580 (Tex. 2002)—cited in Appellees' Brief—addresses a very specific and limited issue under Texas Local Government Code § 89.004(a) relating to the pre-filing presentment of claims to County Commissioners. The Supreme Court in *Lubbock County* provided for a new rule for accrual of claims against county governments. Section 89.004(a) does not apply to non-government claims, and *Lubbock County* does not address accrual of the statute of limitations in a private contract that expressly conditions commencing a lawsuit on initiation of a formal, presuit effort to resolve the parties' dispute through ADR.

The key issue under the ADR provision in the Restated Agreement is whether the parties agreed that pre-filing ADR under § 8.1 is a mandatory

25

condition to filing a civil action. Restated Agreement § 8.1 (CR 445). The limited exceptions in that section for filing preliminary equitable relief or to avoid the expiration of a statute of limitations are inapplicable here, but even in such cases, the Agreement requires "[t]he merits of the underlying dispute will be resolved in accordance with this paragraph." Section 8.2 provides that "[i]n the event the Parties are unable to resolve the dispute within thirty days of notice of the dispute to the other party, the Parties shall be free to pursue all remedies in law or in equity." Restated Agreement § 8.2 (CR 445).

## XI.    The Court Should Have Addressed the Motion to Amend on its Merits.

On February 11, 2017 at the Tormaschy deposition, IGS requested that Dell produce Muehleman for deposition testimony and asked for dates because Muehleman was a Dell employee and this was the procedure followed by the parties for all employee depositions. (CR 675-76).

After the Motion for Summary Judgment was argued, Dell finally agreed to a deposition date and waived the discovery cutoff for that limited purpose. (CR 676). Two days after the Muehleman testimony (but before the Trial Court Summary Judgment Order), Counsel for IGS wrote to the Trial Court advising of the Muehleman testimony and its important impact on Summary Judgment:

> We represent Plaintiffs in the above-referenced lawsuit. Defendants' Motion for Summary Judgment hearing was heard by you on March 28, 2017, and is pending. Based on admissions of Frank Muehleman, Dell's decision maker, during his deposition

testimony on April 19, 2017, that he terminated the Restated Agreement and the Third Amendment for cause, we intend to file a Motion for Leave to File a First Amended Petition on Monday, April 24, 2017. I write to alert you of our intent to file such a motion.

The new pleading will impact the issues addressed in the Summary Judgment Motion because the amended petition will allege that Dell terminated the Restated Agreement for cause in August 2011. . . . The April 19, 2017 deposition testimony creates a material issue of disputed fact regarding the nature and date of the termination and resulting damages . . . .

(CR 621-22).

On April 26, 2017, IGS filed its Motion for Leave to Amend Petition. (CR 624-82). The Motion alleges:

Plaintiffs seek leave to file their First Amended Petition after the deadline of April 6, 2017 and while Defendants' motion is pending based on recent admissions in the Deposition testimony of Frank Muehleman on April 19, 2017, which was taken after the amended pleading cutoff and after the March 28, 2017 Motion for Summary Judgment hearing.

(CR 625).

On May 3, 2017, IGS moved to stay the proceedings, pending the disposition of its Motion to Amend. (CR 683-709). On May 5, 2017, Dell emailed the Trial Court's assistant urging the Court to rule on the Motion for Summary Judgment before the pending May 10, 2016 hearing on the Motion to Amend. The email erroneously cites *Automaker* and argues that such a ruling would cut off IGS' right to amend under Rule 63. (CR 740-45).

On May 5, 2017, Dell filed the Proposed Order for Summary Judgment, which was granted within minutes after the Court received IGS' Objections on that same date, which obviously were not considered by the Trial Court. (CR 740-45, 1320-27). Also, on that date IGS again requested a ruling on its Objections. (CR 710-34).

Rule 166a(c)(ii) specifically contemplates that a party may offer evidence after the summary judgment hearing and before judgment, but permission of the Court must be obtained to file such evidence. This procedure was thwarted here because the Court ignored IGS' Motions to Amend and to Stay and rushed to enter its Order on Summary Judgment before the May 10, 2017 hearing date set for IGS' Motion to Amend. It appears that the Court's intent was to cut off any of IGS' post-hearing attempts to offer evidence with permission of the Court. Because the post-hearing evidence was offered via two written motions (the Motion to Amend and the Motion to Stay), under Rule 166a(c), it can be considered on appeal in determining whether the Trial Court abused its discretion.

IGS submits it can be inferred that the Trial Court's rush to judgment was intended to cut off any hearing on the amendment and was an abuse of discretion. *Bagwell v. Ridge at Alta Vista Invs. 1, LLC*, 440 S.W.3d 287, 292 (Tex. App.— Dallas 2014, pet. denied) ("An abuse of discretion occurs when the trial court acts

in an unreasonable and arbitrary manner, or when it acts without reference to any guiding rules or principles.").

> Generally, a party may amend its pleadings at any time prior to seven days before trial unless the amended pleadings operate as a surprise to the opposing party. Tex. R. Civ. P. 63; *Gunn*, 397 S.W.3d at 377. That deadline may be altered by the trial court in a scheduling order issued pursuant to rule 166. Tex. R. Civ. P . 63; *see also* Tex. R. Civ. P. 166. A party may seek leave of court to amend its pleadings after the deadline imposed by a scheduling order entered pursuant to rule 166. Tex. R. Civ. P. 63. Leave "shall be granted" by the trial court "unless there is a showing that such filing will operate as a surprise to the opposing party." *Id*. A trial court has no discretion to refuse an amended pleading unless (1) the opposing party presents evidence of surprise or prejudice; or (2) the amendment asserts a new cause of action or defense, and is thus prejudicial on its face, and the opposing party objects to the amendment. *Halmos v. Bombardier Aerospace Corp.*, 314 S.W.3d 606, 622 (Tex.App.—Dallas 2010, no pet.).

*Id.* at 292-93.

When the Summary Judgment Order was signed, Dell had not filed any opposition to the Motion to Amend or raised in any other way that amendment would operate as a surprise. (CR 1186-96).

## XII. Dell's Argument on the Motion to Amend Erroneously Assumes the Trial Court Ruled on IGS' Motion to Amend.

Dell's argument regarding IGS' Motion to Amend is based on the erroneous assertion by Dell that the Trial Court ruled on the Motion. Appellees' Brief p. 46. In fact, the Court, acting at Dell's urging, rushed to enter the Summary Judgment Order before the hearing date on the Motion for Leave to Amend so it would not have to address the Amendment on the merits.

The Appellees' Brief cites several cases, each of which is distinguishable from the motion for new trial in this case. *See* Appellees' Brief pp. 46-47. First, Dell cites *Austin v. Countrywide Home Loans*, 261 S.W.3d 68 (Tex. App.—Houston [1st Dist.] 1995, pet. denied), in support of its argument. *Austin* is inapposite. In that case, the plaintiff filed a motion to amend on the same day the summary judgment order was entered. The plaintiff contended that the trial court had stated on the record he could file the amended pleading at any time. 261 S.W.3d at 75. The court of appeals found no such permission had been granted and, thus, the trial court did not abuse its discretion in not granting the motion to amend since it was not filed with the Trial Court's approval. *Id.* at 75.

Similarly, in *Hussong v. Schwan's Sales Enterprises*, 896 S.W.2d 320, 322 (Tex. App—Houston [1st Dist.] 1995, no writ), the motion to amend was filed a month after the hearing on summary judgment without the trial court's permission. The Court found that it was not an abuse of discretion for the trial court not to consider amended pleadings filed after the summary judgment hearing without permission of the trial court. *Id.* Finally, *Hill v. Milani*, 678 S.W.2d 203 (Tex. App.—Austin 1984), *aff'd*, 686 S.W.2d 610 (Tex. 1985), involved denial of a motion for rehearing, not a motion to amend. *Cf.* Appellees' Brief pp. 46-47.

## XIII. The Trial Court Should Have Granted IGS' Motion for New Trial.

IGS' Motion for New Trial satisfies all of the requirements of Texas Rules of Civil Procedure Rule 324(b)(1) and *Waffle House v. Williams*, 313 S.W.3d 796 (Tex. 2010), as fully set forth in IGS' Brief. *See* Appellants' Brief pp. 58-62. Dell's only argument—that IGS' Motion for New Trial does not meet these statutory requirements—is unsupported and unmeritorious. Appellees' Brief pp. 51-59.

## CONCLUSION

For the foregoing reasons, and for the reasons stated in IGS' Opening Brief, IGS respectfully requests the Court reverse the Order for Summary Judgment and remand this case to the Trial Court for trial.

Respectfully submitted,

**GREENBERG TRAURIG, LLP**

<table>
<tr><td>Dale Wainwright<br>State Bar No. 00000049<br>wainwrightd@gtlaw.com<br>Alan W. Hersh<br>State Bar No. 24080944<br>hersha@gtlaw.com<br>300 West 6th Street, Suite 2050<br>Austin, Texas 78701<br>Telephone: (512) 320-7200<br>Facsimile: (512) 320-7210</td><td>By: */s/ Frank E. Merideth, Jr.*<br>Frank E. Merideth, Jr.<br>California State Bar No. 46266<br>[*Pro Hac Vice*]<br>1840 Century Park East, Suite 1900<br>Los Angeles, CA 90067-2101<br>Telephone: (310) 586-7879<br>Facsimile: (310) 586-0275<br>meridethf@gtlaw.com</td></tr>
</table>

*Counsel for Appellants*
*INTEGRITY Global Security, LLC and Green Hills Software, Inc.*

## CERTIFICATE OF COMPLIANCE

This brief complies with the length limitations of TEX. R. APP. P. 9.4(i)(3) because this brief consists of 7,497 words, excluding the parts of the brief exempted by TEX. R. APP. P. 9.4(i)(1).

/s/ Alan Hersh
Alan Hersh

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this letter was served on counsel of record by using the Court's CM/ECF system on this 10th day of January, 2018, addressed as follows:

Beverly Reeves
State Bar No. 16716500
breeves@reevesbrightwell.com
Kim Brightwell
State Bar No. 02992700
kbrightwell@reevesbrightwell.com
Sinead O'Carroll
State Bar No. 24013253
socarroll@reevesbrightwell.com
REEVES & BRIGHTWELL LLP
221 West 6th Street, Suite 1000
Austin, Texas 78701
Phone: (512) 334-4500
Facsimile: (512) 334-4492;

*Counsel for Appellees*
*Dell Marketing L.P.,*
*Dell Federal Systems L.P., and*
*Dell Products L.P.*

/s/ Alan Hersh
Alan Hersh